John McInturff *et al.* Defendants in Error, *vs.* The Insurance Company of North America, Plaintiff in Error.

*Opinion filed December 21, 1910.*

1. Evidence—*general rule as to admitting testimony on subsequent trial after witness is dead.* Testimony given in evidence on a former trial of the same action, or a former action involving the same issues between the same parties, is admissible in the subsequent trial if it be established that the witness who gave such testimony is dead; but it is essential that the parties in the subsequent action be the same, at least in interest.

2. Same—*testimony in criminal prosecution not admissible in civil suit though witness is dead.* The testimony of a witness in a prosecution by the People, under an indictment charging the defendants with feloniously burning their property with intent to defraud the insurance company with whom the property was insured, is not admissible in a subsequent suit by such defendants against the company to recover the insurance money, even though the witness died before the civil suit was brought.

3. Appeals and errors—*Appellate Court's judgment is final on question of waiver of proofs of loss.* Whether an insurance company, by its conduct, waived the proof of loss required by the contract with the insured is a mixed question of law and fact in a

suit at law, and the judgment of the Appellate Court is conclusive of such question.

4. INSTRUCTIONS—*party cannot complain of alleged error which appears in his own instructions.* A party cannot complain, on appeal, of an alleged error in his opponent's instructions where the same proposition is contained in his own instructions.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Pulaski county; the Hon. W. W. DUNCAN, Judge, presiding.

W. A. SPANN, and GEORGE E. MARTIN, for plaintiff in error.

W. A. WALL, for defendants in error.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

Defendants in error recovered a judgment in the circuit court of Pulaski county for $3952.23 for a loss by fire of property covered by insurance written by an agent of plaintiff in error, and that judgment has been affirmed by the Appellate Court for the Fourth District. The record has been transferred to this court for a review by *certiorari*.

The only questions which are not conclusively settled by the judgment of affirmance in the Appellate Court arise on the exceptions of plaintiff in error preserved to the rulings of the trial court in excluding certain evidence offered by plaintiff in error and to the giving of an instruction on behalf of the defendants in error.

The property insured was burned on March 13, 1908. At the April term, 1908, of the Pulaski county circuit court the grand jury returned an indictment against John McInturff and his wife, Sarah, charging them with feloniously and willfully setting fire to and burning the property covered by the insurance, with an intent to damage and de-

fraud plaintiff in error. On the trial of the defendants in error on said charge Thomas Blay was called as a witness for the State and gave much damaging testimony, tending to prove that defendants in error were guilty of the criminal charge against them. Defendants in error were acquitted of the criminal offense. After the trial of the criminal case, and before the trial of the case at bar, defendant in error John McInturff shot and killed the witness Thomas Blay. In the present action defendants in error sued plaintiff in error in assumpsit, the declaration consisting of two special counts on the policies, to which are added the common counts. Plaintiff in error filed a plea of the general issue, accompanied with notice of special defenses as follows: (1) That defendants in error willfully burned the insured property with the intent to defraud plaintiff in error; (2) that defendants in error caused said house to be burned with intent to defraud, etc.; (3) that defendants in error made false and fraudulent representations, after the fire, as to property lost and damaged, with an intent to defraud; (4) that defendants in error failed and refused to furnish proofs of loss, as required by the said policies; and (5) that defendants in error furnished to the appraisers a list of property which they did not own, with intent to defraud. The case was finally tried upon a stipulation that all matter that would be competent under properly drawn pleas might be introduced in evidence under the general issue. Upon the trial of the issues thus formed, plaintiff in error, after making proof of the death of the witness Blay, offered to introduce his testimony given on the trial of the criminal case against the defendants in error. The court below sustained an objection to this testimony, and an exception to that ruling presents the first question for our consideration.

There is a general agreement of authorities that evidence given on a former trial of the same action, or a former action involving the same issues between the same parties, is admissible if it be established that the witness is dead.

3 Greenleaf on Evidence, secs. 326, 341, 342; 1 Elliott on Evidence, sec. 499; *Ruck* v. *City of Rock Island,* 97 U. S. 693; *Sage* v. *State,* 127 Ind. 15; 26 N. E. Rep. 667; *Doyle* v. *Wiley,* 15 Ill. 576; *Wade* v. *King,* 19 id. 301; *Goodrich* v. *Hanson,* 33 id. 498; *Chicago and Eastern Illinois Railroad Co.* v. *O'Connor,* 119 id. 586.

Elliott, in his work on Evidence, (vol. 1, sec. 495,) after stating the general rule as above, states the following limitations to its application: It is necessary, says this learned author, "(*a*) that the person against whom the evidence is to be given had the right and opportunity to cross-examine the declarant when he was examined as a witness; (*b*) that the questions in issue were substantially the same in the first as in the second proceeding; (*c*) that the proceeding, if civil, was between the same parties or their representatives in interest; (*d*) that in criminal cases the same person is accused upon the same facts;"—and he cites numerous authorities to support the text. An examination of the authorities will show that the only point of divergence concerns the requirement of the rule as stated by Mr. Elliott, that the parties to both actions should be identical.

Section 163*a* of the sixteenth edition of Greenleaf on Evidence, which was enlarged and annotated by Prof. Wigmore in 1899, reads, in part, as follows: "As to the parties, all that is essential is that the present opponent should have had a fair opportunity of cross-examination. Consequently a change of parties which does not affect such a loss does not prevent the use of the testimony,—as, for example, a change by which one of the opponents is omitted or by which a merely nominal party is added. And the principle also admits the testimony where the parties, though not the same, are so privy in interest,—as, where one was an executor or perhaps a grantor,—that the same motive and need for cross-examination existed." This paragraph is not in the original text of Greenleaf but is added by the annotator. If this paragraph is read as laying down the

rule broadly that a fair opportunity for cross-examination by the party against whom the evidence is offered is all that is necessary to render it admissible, then the overwhelming weight of authority is against the accuracy of the rule as stated; but if it is read, as no doubt its author intended it should be, as stating the rule that a mere nominal change of parties is of no consequence provided the parties in the second action are so privy in interest with those on the former trial that the same motive and need for cross-examination existed, then the rule stated is in accord with the great weight of authority.

Plaintiff in error insists that the admissibility of this class of evidence turns on the right of the party against whom it is offered to be present and cross-examine the witness rather than on the identity of the parties. The test, it is said, is whether or not the party against whom the evidence is offered was a party on the former trial and had the right to cross-examine the witness. In support of this contention the plaintiff in error relies on *Charlesworth* v. *Tinker,* 18 Wis. 633, *Kreuger* v. *Sylvester,* 100 Iowa, 647, and other authorities. In the Wisconsin case the deceased witness had testified on a prosecution against a defendant for an assault, and the court permitted the testimony to be read upon the trial of a civil action against the same defendant for the same assault. The decision is based upon a statute of Wisconsin which permits the complainant in a criminal prosecution for assault and battery to control the prosecution and examine all witnesses that are sworn on the trial. This case is not an authority of any persuasive force except in States having a statute similar to the one upon which the court bases its decision. The Iowa case seems to lend some support to the contention of plaintiff in error. In that case the Iowa court holds that the testimony of a deceased witness given on the trial of an indictment for an assault is competent in a civil action based on the same assault. The opinion in that case is very brief and does

not disclose whether a statute similar to the Wisconsin statute was in force in that State. The only authorities cited by the Iowa court is the Wisconsin case, which has already been considered, and section 164 of Greenleaf. The citation from Greenleaf does not support the proposition announced in the opinion. The other cases cited by plaintiff in error have been examined, and none of them appear to go to the extent of the two cases above referred to. The three Illinois cases cited (*Wade* v. *King,* 19 Ill. 301, *Goodrich* v. *Hanson,* 33 id. 498, and *Pratt* v. *Kendig,* 128 id. 293,) do not support plaintiff in error's contention, but in so far as the question is considered those cases are in harmony with the rule laid down by Mr. Elliott, to the effect that in order to render the testimony of the deceased witness admissible on a second trial it is necessary that there should be a substantial identity of parties, at least in interest, with the parties on the trial in which the testimony was given. The following cases support the rule that the parties must be substantially the same, or privies in blood, in law or in estate: *Goodlet* v. *Kelly,* 74 Ala. 220; *Smith* v. *Keyser,* 115 id. 455; *Wright* v. *Cumpsty,* 41 Pa. St. 102; *Orr* v. *Hadley,* 36 N. H. 575; *Boardman* v. *Reed,* 6 Pet. 327; *Yale* v. *Comstock,* 112 Mass. 267; *Jackson* v. *Lawson,* 15 Johns. 539; 1 Phillips on Evidence, (10th ed.) 306; 2 Best on Evidence, sec. 496.

A case very similar to the one at bar is *Harder* v. *Thomas,* 44 Pa. St. 128, which was an action on a note, and the record of the prosecution of the plaintiff in error, Harder, for the forgery of the same note, and the testimony of a number of witnesses given in the criminal prosecution, who were dead, was offered in evidence in the civil suit. The court refused to admit either the record or the evidence given on the former trial, and in disposing of that question said: "The rule on this point is thus stated by Mr. Justice Yeates in *Miles* v. *O'Hara,* 4 Binn. 108, where he says: 'It is a settled rule of law that what a witness has

sworn on a former trial between the same parties for the same cause of action may be given in evidence in case of his death.' Phillips on Evidence (vol. 1, p. 337, 3d Am. ed.) is to the same effect but the rule is a little more exactly stated. It is thus: 'Where the witness has been examined on trial at a former action between the same parties, where the point in issue was the same in the second trial, there his testimony may be proved, if deceased.' * * * A criminal prosecution, although instituted by an individual, is not in any sense an action between the person instituting it and the prisoner. * * * The issue is between the government and the prisoner on a question of guilt or innocence of the latter. It is not a question of property. Very different is the issue, as also the parties, in a civil suit to recover on a forged instrument." The conclusion was reached that the court had erred in admitting the evidence in the criminal trial.

We do not deem it necessary to go further into the authorities upon this question. The testimony given by the deceased witness, Blay, on the trial of the indictment of defendants in error was properly excluded by the court on the trial of the civil action on the policies of insurance. We think this rule is established by a very decided weight of authority and is supported by good reason as well. If the rule contended for by plaintiff in error were good law, then in an action against a carrier by a passenger for a personal injury the testimony of a witness since deceased would be admissible against the same carrier for an injury sustained in the same accident by another passenger, an employee, a licensee or a trespasser, simply because the carrier against whom the testimony was offered had on the former trial an opportunity to cross-examine the witness. This rule would carry us too far afield for proof and we cannot sanction it.

The question as to the weight of the evidence, discussed by the plaintiff in error, is not open for review in this court. Neither is the question concerning the waiver of proofs of

loss. Whether or not the conduct of the plaintiff in error amounted to a waiver of proofs of loss is a mixed question of law and fact, upon which the decision of the Appellate Court is final.

The court instructed the jury that plaintiff in error was required to prove, beyond a reasonable doubt, that defendants in error burned or caused the property to be burned before such defense could be regarded as established, and complaint is made of this ruling. In *Germania Fire Ins. Co.* v. *Klewer,* 129 Ill. 599, this court, on page 612, said: "Appellant not only interposed the defenses its policy was void because there was other insurance on the property and because the house was vacant and unoccupied, but made the further defense that appellee himself set fire to the building. Where, in a civil action, a criminal act is charged, the authorities are in conflict upon the question whether the rule applicable to a criminal prosecution or that applicable to a civil suit should prevail in respect to the degree of proof required. In this State it has been held that where, in civil cases, a criminal offense is charged in the pleadings, such offense must be proved beyond a reasonable doubt.— *Crandall* v. *Dawson,* 1 Gilm. 556; *McConnel* v. *Mutual Ins. Co.* 18 Ill. 228; *Sprague* v. *Dodge,* 48 id. 142; *Harbison* v. *Shook,* 41 id. 141."

There is, however, another satisfactory answer to the contention of plaintiff in error in this regard. Plaintiff in error, by its eighth, ninth, fifteenth and sixteenth instructions, procured the trial court to declare the same rule as to the quantity of proof required as that laid down in the instruction complained of. A party cannot complain of an error in instructions when the same error is found in the instructions offered by the complaining party. *Springer* v. *City of Chicago,* 135 Ill. 552.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed,*