RAY *et al.* v. HENDERSON *et al.*

No. 3935.   Opinion Filed October 27, 1914.

(144 Pac. 175.)

1.   **EVIDENCE—Testimony Given at Examining Trial—Admissibility.**  The testimony of a witness, since deceased, given at an examining trial before a justice of the peace on the charge of felonious assault, may be used against the defendant, in a civil suit against him, for damages by the person assaulted.

2.   **SAME.**  R. was prosecuted for a felonious assault on H., and, at the examining trial before a justice of the peace, two certain witnesses gave evidence against R. and were fully cross-examined by him; their testimony being taken down verbatim in shorthand, which was later transcribed.  At the trial later of a civil suit for damages filed by H. against R, and based on the same assault, it was shown that the two witnesses were dead, and the court permitted the use of the evidence given by them in the trial of the criminal case.  **Held** not erroneous.

(Syllabus by Brewer, C.)

*Error from District Court, Kingfisher County;*

*James B. Cullison, Judge.*

Action by Rettie Henderson against Robert Ray, Frank Ray, Francis Baxter, and Guy E. McCandless.  Judgment for plaintiff against the three defendants first named, and they bring error.  Affirmed.

*W. A. McCartney,* for plaintiffs in error.

*Bradley & Bradley* and *R. F. Shutler,* for defendants in error.

Opinion by BREWER, C.   This is a suit for damages on account of personal injuries alleged to have resulted from an unlawful assault and battery.  Mrs. Rettie Henderson, as plaintiff below, sued all of the other parties to this record as defendants.  A judgment was rendered against all of them, except Guy E. Mc-

Candless, and he is brought into this appeal as a defendant in error.

There is one important and very interesting point to be decided, and this point relates to the competency of certain evidence offered in behalf of the plaintiff below, and arises on this state of facts: After the difficulty between the defendants and the plaintiff below, the defendants were arrested on the charge of a felonious assault, and, at their preliminary trial on this charge, William Hembree and J. W. Hess gave testimony which was taken in shorthand by a stenographer, who afterwards transcribed the same into longhand. These witnesses were cross-examined at length by the defendants. At the trial of the instant case, it was shown that both of these witnesses were dead. The court permitted the plaintiff to use the evidence of these witnesses as given at the trial of the criminal case. When the evidence was offered, the defendants objected to its introduction, for the reasons that it was taken before an examining magistrate; that it was incompetent; that the stenographer was not an official court stenographer.

Considering the objections as above stated to the introduction of this evidence, only one seems to be important, and that one goes to the competency of the evidence in the form presented. Whether or not this evidence can be used does not depend upon whether it was taken by an official court stenographer; but upon this point it may be said that, in the trial of the criminal case, it was agreed between the parties that the stenographer, Eva M. Bennett, should act as stenographer in the case, and that she bear the same relation thereto as if she were the official stenographer of the court, and that her notes should have the same force and effect. This leaves for our consideration the following question: Can a plaintiff in a civil suit, based on an assault, use the former testimony of witnesses then deceased, given in the preliminary criminal trial of her assailants? And this question presents a difficulty, and this difficulty is narrowed down to the question of "identity of the parties in the two suits." We

have examined a number of articles in different text-books on this question, and believe that the rule relative to this class of evidence is fairly well stated in 16 Cyc. 1088, thus:

"Facts may be established by evidence thereof given on a former trial, provided the court is satisfied: (1) That the party against whom the evidence is offered, or his privy, was a party on the former trial; (2) that the issue is substantially the same in the two cases; (3) that the witness who proposes to testify to the former evidence is able to state it with satisfactory correctness; and (4) that a sufficient reason is shown why the original witness is not produced. The first three of these conditions render the reported evidence relevant; the fourth is necessary to justify the court in receiving it. Under these conditions, the evidence is admissible from necessity, even if there is other evidence to the same effect."

And in this connection we would suggest that, if a more extensive inquiry into the subject is desired, the same is exhaustively and carefully treated in Chamberlayne on Evidence, vol. 2, p. 2083 *et seq.*, and also same topic, Ency. Ev. vol. 5, p. 883 *et seq.*

Now, having in mind the four essential points found necessary by the above quotation to render the evidence admissible, we find that there is little difficulty, unless it be with the point first named; that is, as to the identity of the parties in the two suits. That the issue was the same in both the criminal and the civil case is apparent. In the criminal case the gravamen of the charge lay in the issue as to whether or not there was an unlawful assault; likewise in the civil case the right to recover depended upon the issue of whether or not there was an unlawful assault. And on the third point there can be no doubt that the evidence given at the former trial could be repeated with satisfactory correctness. As has been stated, it was taken by the stenographer selected by these parties, and no complaint is made that her work was either unsatisfactory or inaccurate, or failed to present in accurate form all the testimony given by the witnesses. Neither can it be doubted that a sufficient reason is shown for not producing the witnesses at the second trial. The record shows both of these witnesses were dead at that time.

The rule allowing the class of secondary evidence involved here has been the subject of considerable discussion by law writers, and we are impressed with the statement of Judge Chamberlayne in his work on Evidence, vol. 2, p. 1630:

"Indeed, it may fairly be said that, as originally devised and as practically applied, the rule is an administrative expedient for doing justice between litigants in a particular situation as a rational compromise between two well-known canons of judicial administration."

But coming to the exact point upon which there is a reasonable ground for controversy, viz., Was there sufficient identity of parties? we find that in the text (Ency. Ev. vol. 5, p. 922) the admissibility, under the circumstances, is doubted, on the ground that the parties in the two causes are not sufficiently the same; but it is admitted that it is sometimes allowed.

We have examined the authorities cited under the point in the last-named work, and in our judgment they are fairly well balanced. The cases of *Harger v. Thomas,* 44 Pa. 128, 84 Am. Dec. 422, and *Zelen v. Andrews,* Moody & M. 336, 31 R. R. 736, are against the admissibility of the evidence. We also find *McInturff v. Ins. Co.,* 248 Ill. 92, 93 N. E. 369, 140 Am. St. Rep. 153, 21 Ann. Cas. 176, against it. The case of *Gavan v. Ellsworth,* 45 Ga. 283, is in favor of the admissibility of the evidence, and is a case very similar to the one here, and exactly in point on the precise phase of the question involved. We quote paragraph 4 of the syllabus:

"The testimony of a witness, since deceased, given before the magistrate on a commitment trial for an assault with intent to murder, may be used against the defendant in a civil suit for damages by the person injured."

And in the body of the opinion the court say:

"The issue is precisely the same, except that, in the criminal trial, the intent of the defendant was more prominently matter for consideration than here. And the parties were, for this purpose, substantially the same. The defendant was there *in propria persona,* and the plaintiff, the injured party, represented by his protector, the state. The authorities seem to make the

matter turn upon the opportunity for cross-examination. This the defendant, against whom the testimony is now offered, had fully, on the commitment trial. See 1 Greenleaf, Ev., secs. 183 to 187. See, also, *United States v. MaComb,* 5 McLean, 286 [Fed. Cas. No. 15,702]."

The same general rule, under very similar circumstances, is announced in the case of *Charlesworth v. Tinker,* 18 Wis. 633; the syllabus being as follows:

"In a subsequent civil action by such complainant to recover damages for the same assault and battery, evidence may be introduced by the defendant showing what was said on the trial of such prosecution by a witness for the defense, subsequently deceased; the plaintiff having had opportunity to cross-examine such witness at the former trial."

And we excerpt from the body of the opinion the following:

"It seems, however, to be well settled by many of the authorities that it is not necessary, in order to admit such testimony, that it should have been given on the trial of a cause in the exact technical shape of the second action, or that the parties in this action should be literally or nominally the same with those on the trial of the first action. See the cases cited in Cowen & Hill's Notes to Phil. Ev. vol. 1, p. 389 *et seq.* (4th American Ed.); 1 Greenl. Ev. secs. 163 and 164. It appears to us that the true test in regard to the admissibility of such evidence is: Did the party, who is to be affected by it, have the power of cross-examining the witness, or at least have an opportunity of doing so? If the party had this power of cross-examining the witness on the former trial, and was legally called upon to do so, we can then see no danger or hardship in admitting the evidence in a subsequent suit after the decease of the witness."

We also find the same rule announced by the Supreme Court of Iowa in the case of *Kreuger v. Sylvester,* 100 Iowa, 647, 69 N. W. 1059; a paragraph of the syllabus being as follows:

"In a civil action for assault and battery, it was not error to admit the evidence of a witness taken in shorthand on the trial of defendant for assault to commit great bodily injury on plaintiff, involving the same assault, in which said witness was fully cross-examined, where the proper foundation was laid, and the

reporter who took the notes testified at the civil trial as to what the witness said in the criminal trial."

And in the body of the opinion it is said:

"It appears that the evidence was taken in shorthand on the trial of the criminal case, and the reporter who took it was present at this trial, and gave testimony as to what Meggitt said in the former proceedings. We think that if the proper foundation was laid, as we must assume it was, the evidence was admissible, for it appears that the witness Meggitt was fully cross-examined by counsel at the trial of the criminal case, and, although the parties are not precisely the same, yet such evidence is almost universally admitted. Greenleaf, Ev. sec. 164; *Charlesworth v. Tinker*, 18 Wis. 633, and cases cited; Bradner, Ev. p. 313; Code, sec. 3777. The admissibility of such evidence seems to turn on the right to cross-examine, rather than on the precise identity of the parties."

There seems to be, as will be observed from the above authorities, a growing tendency to make the test as to the admissibility of such evidence depend upon the "right and opportunity to cross-examine." We think this test, most assuredly, should be applied, but not to the exclusion, or even to the diminution in value, of the other essentials, such as a reasonable identity of issues and parties, etc. And, upon applying all of the tests required, we are constrained to hold that the evidence admitted in this case was properly admitted. The assaulted woman prosecuted the criminal charge, not in name, it is true, for all prosecutions must run in the name of the state. The offense is against the state and all the people thereof, actually as well as theoretically; all the people are aggrieved and are interested, at least theoretically, in the prosecution; but the victim of the assault has actually a greater interest, a personal present concern, in the prosecution and conviction of the assailant, at whose hands she has suffered. She takes her grievance to the law officer of the county, makes complaint under oath, and the criminal charge is filed by her protector, the state, in its name; the prosecuting witness, the assaulted person, has an interest in the prosecution, and, for all practical purposes, may be considered substantially a party thereto.

The remaining points urged for a reversal do not require detailed discussion. The challenge to the sufficiency of the petition, as well as the objections to certain instructions given by the court, are not well taken. There was no substantial error committed, and the judgment appears to have been a just one.

The cause should be affirmed.

By the Court: It is so ordered.