CRUM v. BROCK.*

(Division A. Nov. 17, 1924.)

[101 So. 704. No. 24421.]

1. BASTARDS. *Defendant, on plaintiff's appeal, cannot complain of justice's failure to properly enter judgment discharging him.*

The failure of a justice of the peace to properly enter a judg-ment rendered by him in a bastardy proceeding, discharging the defendant therein, is a mere irregularity of which the de-fendant cannot complain in the circuit court, when the case is being tried therein on an appeal thereto by the plaintiff.

2. BASTARDS. *Widow is "single woman," under law authorizing bastardy proceedings.*

A widow is a single woman, within the meaning of that term as used in section 268, Code of 1906 (Hemingway's Code, section 217), which provides that, "when any single woman shall be delivered of a bastard, or being pregnant with a child which, if born alive, would be a bastard," etc., its reputed father may be forced to support it.

3. BASTARDS. *Defendant may prove that plaintiff in bastardy proceedings had sexual intercourse with another at or about time child begotten.*

In a proceeding by the mother of a bastard, under section 268, Code of 1906 (Hemingway's Code, section 217), against the reputed father of a child to compel him to support it, the defendant, in order to cast doubt upon the paternity of the child, may prove that its mother had sexual intercourse with another at or about the time the child was begotten.

4. WITNESSES. *Fact which witness may not be compelled to disclose is one forming necessary and essential part of crime.*

A fact tending to criminate, which a witness may not be compelled to disclose, is a fact that would form a necessary and essential part of a crime.

5. WITNESSES. *Witness cannot decline, on his subsequent trial for perjury, to answer questions by which former testimony sought to be elicited.*

A witness who testified on a former trial to a fact that is no part of a crime, with the commission of which he could be charged, but who is afterwards indicted for perjury for so testifying, cannot, under the rule against self-crimination, decline, on a subsequent trial of the case, to answer questions by which the testimony given by him on the former trial is sought to be elicited.

---

*Headnotes 1.  Bastards, 7 C. J., section 91;  2.  Bastards, 7 C. J., section 73;  3.  Bastards, 7 C. J., section 118;  4.  Witnesses, 40 Cyc, p. 2540;  5.  Witnesses, 40 Cyc, p. 2540.

APPEAL from circuit court of Tippah county.

HON. J. W. T. FALKNER, Special Judge.

Bastardy proceeding by Mrs. Ada Brock against Hiram Crum. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*W. C. Sweat* and *Ely B. Mitchell,* for appellant.

The proceeding under chapter 7 of Hemingway's Code of Mississippi of 1917, section 217, is in the nature of a civil proceeding. Therefore, the pleading and practice governing civil suits will be followed under this chapter. *Welford* v. *Harward,* 127 Miss. 88, 89 So. 812. The rule in the United States seems to be that under a statute providing for the institution of bastardy proceedings by a "single" or "unmarried woman," a married woman even though she is living apart from her husband is not entitled to maintain such a proceeding, 17 Ala. 328; *C. T.* v. *State,* 21 Fla. 171; *Sword* v. *Nester,* 3 Dana. (Ky.) 453; *Welch* v. *Claiborne,* 94 Miss. 443; *Gaffer* v. *Austin,* 8 Vt. 70; *State* v. *Brill,* Ohio N. P. 311. The word "single" means unmarried or not having been married. 36 C. J. 460.

*Thos. E. Pegram,* for appellee.

The fifth assignment of error is: That the court erred in allowing the witnesses, Ike Cheetwood and Arthur Swinford to refuse to testify on the ground that their testimony might incriminate them. The record shows that these two witnesses were under indictment on a charge of perjury, growing out of their testimony before the justice of the peace, A. B. Roten, when this bastardy case was tried before him.

A trial judge has no right under the law of the land to force a witness to testify when that witness unmistakably states that he does not want to testify on the ground that his testimony might incriminate him on a charge for which he is then under indictment. Hence, no error here.

The second assignment of error is: The court in overruling appellant's motion to dismiss the case for want of jurisdiction because the declaration shows on its face that the appellee was not a single woman.

Appellant admits that this ground was not assigned in support of the motion in the trial court, but says that it is jurisdictional, and, herefore, may now be raised. It strikes me that this is not a jurisdictional question but a question of fact which might or might not preclude the complainant from prosecuting her suit, but, be that as it may, the law as set forth in the chapter on bastardy settled the question against appellant. Section 217, Hemingway's Code.

The first assignment of error is: The court erred in overruling appellant's motion to dismiss the case for want of jurisdiction. This is really the only contention of the appellant in this court to which there is even apparent merit. The question is: Is it essential to the prosecution of a bastardy case in the circuit court by the mother of a bastard child, where every step of the proceeding before the justice of the peace is regular and so certified to the circuit court, that the case or preliminary hearing shall have been docketed by such justice? Or to put it differently: Is there to be a miscarriage of justice and the appellee's judgment declared void, merely on the ground that the justice failed to docket the matter or enter a judgment of such docket, where there is no specific direction in the chapter on bastardy or elsewhere to the effect that he should have done so?

Section 2225 of Hemingway Code, is the only section of our code giving directions to a justice of the peace as to the manner of using his docket. It stipulates that he shall enter the names of the parties and the date and amount of the judgment. This evidently embraces only civil suits in which a final judgment shall be entered. No final judgment can be entered by a justice in a bastardy case, no more than could be entered if a defendant be brought before him on a felony charge. All that is necessary for a justice of the peace to do in a bastardy proceeding, in order that the circuit court may have jurisdiction, is that he comply with the provisions of chapter

7, Hemingway's Code. Such procedure was not known to the common law. There is not a line in said chapter on bastardy, nor anything in said section 2225 that says that a bastardy proceedings shall be entered on the justice docket. Section 219, Hemingway's Code.

The provisions of this section are complied with almost to the letter. Except that the testimony taken before the justice was not, by agreement of counsel on both sides, reduced to writing.

So far as I have been able to find, there is complete harmony in all of the decisions of courts of last resort, where the question has been presented, and this includes our own court, to the effect that the purpose of the preliminary hearing before a justice of the peace or police officer of a bastardy complaint is' to hold the accused man to the circuit or superior court, where the case may be tried on its merits; and that irregularities on the part of the justice court as to what should have or should not have been done thereat do not deprive the circuit court of jurisdiction to try the case on its merits. In other words, irregularities or discrepancies not affecting the substance of the proceedings on the merits will be disregarded. 7 C. J. 981, par. 91-8; 7 C. J. 981, (93) c; *Easdale* v. *Reynolds,* 9 N. E. 13; *State* v. *Carroll,* 101 N. W. 317; *Parsons* v. *State,* 24 S. E. 845; *In Re Walker,* 86 N. W. (Nebr.) 510; *Altschuler* v. *Algaza,* 21 N. W. 401; *Morgan* v. *Stone,* 93 N. W. 743; *Armstrong* v. *Blankenbaker,* 56 N. E. (Ind.) 681. The case of *Ham* v. *West,* 117 Miss. 340, settles the case at bar and warrants the affirmance thereof.

*W. C. Sweat,* for appellant in reply.

The case being a proceeding in bastardy it is governed by the chapter on bastardy, section 268 of the Code of 1906 (Section 217 of Hemingway's Code). The next section provides as follows: "It shall be the duty of

the justice, in case the accused shall have been required by him to give bond, or in case he shall discharge the accused, if the woman shall have appealed, to return the proceeding to the circuit court forthwith.''

It was clearly the intention of the legislature that the proceedings in bastardy should begin in the justice of the peace court. The circuit court has no original jurisdiction. The circuit court in order to acquire jurisdiction must have a judgment of the justice of the peace court, duly rendered in a proceeding brought in that court, showing what transpired in the justice of the peace court and without that judgment and without the transcript of that record the circuit court has no jurisdiction. The record in this case shows that this matter was never docketed by the justice of the peace; that he had rendered no judgment whatever in his court and there is no certificate from his court showing that the papers which were actually sent up were the transcript of the proceedings in his court. Therefore, the papers which were sent up by the justice of the peace in this case were of nullity. The justice court proceedings are absolutely void unless a judgment was rendered showing what was done. *Underwood Typewriter Co.* v. *Taylor,* 94 Miss. 584; *Rayborn* v. *Cothern,* 43 So. 70; *Donald Bros. Merc. Co* v. *Marsh,* 48 So. 230; *Ball* v. *Sledge,* 82 Miss. 747.; *Gardner* v. *Railroad,* 78 Miss. 640.

If this court should hold in this case that the court has jurisdiction, it will in effect mean that hereafter there will be no necessity of proceedings of the justice of the peace court. All that it will be necessary to do by a woman who shall have been delivered of a bastard child would be to file a declaration in the circuit court against the defendant. Such a ruling by this court will in effect nullify the first three sections of the chapter on bastardy.

This court has held that jurisdiction in a bastardy proceeding is obtained by following the procedure prescribed for bringing the parties into court. *Ham* v. *West,* 117

Miss. 340. Proceedings in bastardy were unknown to the common law but the proceedings are purely statutory and will therefore be strictly construed and in order for the circuit court to have jurisdiction, the plaintiff must follow strictly the statutes in order to get into the circuit court. 3 R. C. L. 750. This court has held that the bastardy statutes of this state are penal in their nature and must be strictly construed. *Welch* v. *Cleburn*, 94 Miss. 443.

There is another matter of jurisdiction which is fatal to the case and that is the declaration on its face shows and the proof shows conclusively that the appellee in this case was a widow. She had been married but her husband was dead. The statute says: "When a single woman shall be delivered of a bastard or be pregnant with a child, which if born alive would be a bastard . . ." A widow is not a single woman in contemplation of law, and while this point was not made in the court below, the point is jurisdictional and could be raised for the first time in this court, and inasmuch as the record shows conclusively that the plaintiff in this case was a widow the cause should have been dismissed for want of jurisdiction and we say this court should dismiss the cause for want of juridiction. 36 Cyc. 460, and authorities there cited.

Two witnesses were offered by the defendant to testify that they saw this plaintiff having intercourse with a man other than defendant about the time that she alleges that she became pregnant. These witnesses had testified to these facts in the justice of the peace court and had been indicted for perjury on account of having so testified. One of the witnesses testified that he had been promised immunity and that he would not be prosecuted if he did not answer the questions. It is very evident from this record that refusing to testify in the circuit court the same thing they testified in the justice of the

peace court would not tend to incriminate them. The
indictment had already been returned against them for
their testimony in the justice court and this testimony
which they were asked to give in this court could certain-
ly not have been used against them on these indictments.

Argued orally by *W. C. Sweat*, for appellant, and *T.
E. Pegram*, for appellee.                 .

SMITH, C. J., delivered the opinion of the court.

This is a bastardy proceeding begun in the court of a
justice of the peace, as provided by sections 268 et seq.,
Code of 1906 (sections 217 et seq., Hemingway's Code).
On the hearing, the complaint was dismissed by the jus-
tice of the peace, and the appellee, the mother of the
child, appealed therefrom, in accordance with section
269, Code of 1906 (section 218, Hemingway's Code).
The complaint filed before the justice of the peace and
the declaration filed in the court below, both allege that
the appellee is a single woman, and that on the 25th
day of May, 1921, she gave birth to a bastard child, now
living, of which the appellant is the father.

The justice of the peace before whom the cause was
commenced filed a certified copy of the record in his
court, which recites that he discharged the appellant
when the cause came on to be heard before him, but the
docket was introduced and disclosed no such judgment,
and he himself testified that he did not enter the judg-
ment on his docket, but simply wrote it on a loose piece
of paper. The certificate to the transcript of the pro-
ceedings before the justice of the peace, filed in the case,
is dated January 2, 1922. When testifying as a witness,
the justice of the peace stated that he resigned in Decem-
ber, 1921, though he also stated that the transcript was
filed by him in the court below before he resigned.

While the cause was pending in the court below, the
appellant filed a motion to dismiss it on two grounds:

136 Miss.—55.

"(1) Because there is no transcript of record of the proceedings had before the justice of the peace before defendant is alleged to have been tried.

"(2) Because there is no judgment of the justice of the peace in the record in this cause showing that there has ever been any proceedings in the justice court as required by law."

The only defect in the transcript of the proceeding before the justice of the peace is that it appears to have been certified to after the resignation of his office by the justice of the peace had become effective; but the whole evidence indicates that one of those two dates set forth therein is an error, and that, regardless of which of them is correct, the transcript was filed before the resignation became effective.

It is true that a proceeding of this character must be begun in the court of a justice of the peace, but that court has no final jurisdiction thereof, and the failure of the justice of the peace to enter on his docket the order made by him, discharging the defendant, assuming that such an entry should have been made, did not operate to the defendant's prejudice in any way, and at most was a mere irregularity of which he cannot complain. 7 Corpus Juris, 981. The court below committed no error in overruling the motion to dismiss.

The appellee is a widow, and was such both when the child here in question was begotten and born. The statute by which this proceeding is authorized provides that: "When any single woman shall be delivered of a bastard, or being pregnant with a child which, if born alive, would be a bastard," etc., its reputed father may be forced to support it and the appellant contends that a single woman is one who has never been married, and consequently, that the court below erred in refusing to grant his request for a directed verdict in his favor.

The words "single woman," as used in the statute,

evidently mean a woman who is not married at the time the child is born. A child begotten and born out of lawful wedlock is as much a bastard if the mother is a widow as it could possibly be had she never been married. The purpose of the statute is to provide a support for the child, both for its own good and to prevent it from becoming a charge on the public. The request for a directed verdict was therefore properly refused.

The child was born on the 25th of May, 1921. The appellee testifies that the first act of sexual intercourse with the appellant occurred "either the last of August or the first of September, 1920," and, to prove that the child's father may have been a man other than himself, the appellant offered two witnesses, each of whom were asked: "Were you down at a spring near Ada Brock's house the latter part of August, 1920, and see something occur there between Ada Brock and Sam Tatum down at the spring?" Each of them declined to answer this question, on the ground that it would tend to criminate them. An indictment against these witnesses was then introduced, which disclosed that they were being prosecuted for having testified on the preliminary hearing of this cause before the justice of the peace that they saw Ada Brock and Sam Tatum engage in an act of sexual intercourse. The court below sustained the objection of the witnesses to testifying, and declined to make them answer.

The evidence here sought to be introduced was, of course, competent, and, if believed by the jury, would have cast serious doubts on the paternity of the child, and, unless within the privilege against self-crimination, the witnesses should have been compelled to answer the question.

A fact tending to criminate which a witness may not be compelled to disclose is "a fact that would form a necessary and essential part of a crime." Chief Jus--

tice MARSHALL, on the trial of Aaron Burr, quoted in 3
Wigmore, section 2260.

It is true that, had the witnesses given a negative an-
swer to the question, they would have thereby disclosed
the fact that they had formerly testified falsely relative
thereto, and therefore on that occasion had committed
perjury. Nevertheless, the fact that Ada Brock and
Sam Tatum did or did not indulge in an act of sexual in-
tercourse is no part of the crime of perjury which the
witnesses may or may not have committed when testify-
ing relative thereto. The indictment of the witnesses for
perjury is not here material, for, if no such indictment
were pending, a negative answer by the witnesses to the
question would tend to show that they had committed
perjury on the former trial, and had thereby become
subject to a criminal prosecution. The same question
could arise where a witness is being cross-examined as
to former statements, made either in or out of court, con-
tradictory to the testimony about which he is being then
cross-examined. No case has been brought to our at-
tention that would support a holding that the privilege
against self-crimination can be here invoked, and we are
of opinion that it cannot be.

The court below erred in not compelling the witnesses
to answer the question, for which the judgment must be
reversed and the cause remanded.

*Reversed and remanded.*