## MASSACHUSETTS BONDING & INS. CO. v. GUTHRIE SAVINGS BANK.

No. 10547—Opinion Filed Jan. 24, 1922.

(Syllabus.)

### Limitation of Actions—Action Based on Fraud—Time of Discovery — Sufficiency of Petition.

Where a petition alleges that a clerk of a receiver of a national bank received checks payable to the receiver as part of the assets of the defunct bank, and alleges the indorsement of said checks by the clerk without authority and the depositing of the proceeds to his own personal account in the defendant bank, and that he thereafter drew checks upon the account, some of which were payable to defendant bank in payment of the clerk's personal obligations to the bank, and alleges that the bank had notice that the funds were the funds of the receiver, and not of the clerk, and alleges the clerk defaulted, and the shortage was not discovered until the fourth day of February, 1915, and that the plaintiff has purchased all the rights and interests of the receiver, and the record discloses no action was commenced against the bank until September, 1917, held, the cause of action is controlled by subdivision 3 of section 4657, Rev. Laws 1910, and the cause of action did not accrue until the discovery of the fraud was barred by the statute of limitations two years after the discovery of the fraud; and it was not error to sustain a demurrer to the petition upon that ground; held, further, that the bank was not a trustee of said fund to the extent that the statute of limitations would not run against the bank, there being no agreement that the money should be held for the bene-

fit of the plaintiff or the parties from whom he purchased; held, further, this is not an action on a written contract, and the statute of limitations relating to actions on written contracts has no application.

Error from District Court, Logan County; John P. Hickam, Judge.

Action by the Massachusetts Bonding & Insurance Company, against the Guthrie Savings Bank for money judgment. Judgment for defendant, and plaintiff brings error. Affirmed.

M. F. Carney and Stephen C. Treadwell, for plaintiff in error.

John Adams, for defendant in error.

McNEILL, J. This action was commenced by the Massachusetts Bonding & Insurance Company against the Guthrie Savings Bank, a corporation, to recover a money judgment. The petition contained seven separate and distinct causes of action, all of which are very similar. The allegations of the petition and the amended petition are substantially as follows:

The first cause of action contained about the following allegations, to wit: That George N. Rankin was receiver of the Capitol National Bank, and on September 1, 1912, Charles T. Spice, city treasurer of Kingfisher, issued a certain check in the sum of $1,500 payable to the receiver of the Capitol National Bank and drawn on the People's National Bank of Kingfisher, and that L. H. Selsor wrongfully and without authority indorsed said checks in the following manner: "George N. Rankin, receiver, Capitol National Bank by L. H. Selsor," and deposited the proceeds in the Guthrie Savings Bank to his individual account, and the Guthrie Savings Bank had full knowledge of the fact that the deposit was not the funds of Selsor and applied it, or at least a portion of the proceeds, to his individual indebtedness to the bank. It is alleged that the proceeds of the check were a trust fund belonging to a receiver of the Capitol National Bank, and that the Guthrie Savings Bank aided and assisted L. H. Selsor to convert the same to his own use.

It is further alleged that the amount due on said check constituted a part of the assets of the Capitol National Bank, and on the first day of February, 1915, the receiver of the Capitol National Bank obtained an order from the district court of Lincoln county and sold said assets to Roy Hoffman and Harry Pentecost; that said sale was confirmed, and thereafter Hoffman and Pentecost transferred all their interest in the assets and this cause of action to this plaintiff. The petition was amended and alleged that the original cause of action against the Guthrie Savings Bank for converting said funds was in the United States Government until the 5th day of February, 1915, and the statute of limitations did not run against the United States Government, and that the shortage of L. H. Selsor and the fact that the Guthrie Savings Bank had participated in said fraud and the conversion of said money were not discovered until the 4th day of February, 1915. To this petition the defendant filed a demurrer upon two grounds: First, the petition did not state a cause of action; second, because the causes of action show upon their face that they are separately barred by the statute of limitations.

The plaintiff in error first contends that the indorsement of Selsor was without authority, and under and by virtue of section 4073, Revised Laws 1910, that the Guthrie Savings Bank, defendant herein, acquired no right in and to the check by virtue of said indorsement. This contention is sustained by the rule announced in the case of Santa Marina Co. v. Canadian Bank of Commerce, 242 Fed. 142; and in Knoxville Water Co. v. East Tennessee National Bank (Tenn.) 131 S. W. 447.

The petition, however, admits that the fraud was discovered on the 4th day of February, 1915. The record discloses that no action was commenced thereon until the 5th day of September, 1917. Plaintiff in error relies upon the case of Santa Marina Co. v. Canadian Bank of Commerce, 242 Fed. 142; the third syllabus being as follows:

"Complainant having no other business than the care and rental of its buildings, and which therefore permitted its rentals, beyond the amount required for current expenses, to accumulate in bank until it desired to make a considerable payment on its mortgage indebtedness, was not chargeable with laches because it did not for three or four years discover the discrepancy between its bank balance and the reports made monthly by its secretary; nor was it barred of relief by Code Civ. Proc. Cal. § 338, which imposes a limitation of three years on actions for fraud or mistake, but provides that the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake. where suit was commenced promptly on such discovery."

The California statute permits an action for fraud to be commenced in three years after discovery of the fraud, but our section of the statute regarding the commencement is different from the California statute and limits the time to two years. Section 4657, Revised Laws 1910, provides as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * * Within two years: * * an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

By applying the rule anounced in the case of Santa Marina Co. v. Canadian Bank of Commerce, supra, to our section of the statute, the cause of action would be barred. This case comes within the rule announced in the case of Bailey v. Glover, 22 L. Ed. 636; the second, third, and fourth paragraphs of the syllabus being as follows:

"2. Hence the clause limiting the commencement of actions by and against the assignee to two years after the right of action accrues, applies to all judicial contests between the assignee and any person whose interest is adverse to his.

"3. But though this clause in terms includes all suits at law or in equity, we are of opinion that the general principle applies here, that where the action is intended to obtain redress against a fraud concealed by the party, or which from its nature remains secret, the bar does not commence to run until the fraud is discovered.

"4. And we think this doctrine is equally applicable on principle and authority to suits at law as well as in equity."

By virtue of section 4657, Rev. Laws 1910, the cause of action did not accrue until the fraud was discovered, and the parties then had two years within which to commence their action, but the record discloses the same was not brought within said two years, therefore was barred.

The plaintiff, however, attempted to invoke the rule that a trust relation existed, and this was a trust fund and the bank became trustee and that the statutes of limitations do not run against a claim based upon a trust, and relies upon the case of Taber v. Zehner (Ind. App.) 93 N. E. 1035; Canada v. Daniel (Mo. App.) 157 S. W. 1032; Lee v. Hoover (Ind. App.) 124 N. E. 783. An examination of these cases discloses they have no application to the facts herein. Those cases announce the general rule, where a fiduciary relation exists and

money is received, that a trust exists, and is controlled by the rule announced in 25 Cyc. 1160; but the facts in this case come squarely within the exception to the rule as announced on page 1161 as follows:

"It results that where it is sought to raise a trust from the fact that defendant has received and holds money belonging to plaintiff the material inquiry is whether there was actually any agreement that the money should be held for plaintiff's benefit."

The allegations of the petition fail to bring the case within the above rule.

It is next contended that the cause of action is founded upon a written contract, being the indorsement of Selsor, and therefore it is an action upon a written contract and is controlled by the five-year statute of limitations. This contention is not well taken. This is not an action on the indorsement, but is an action against the bank for permitting Selsor to deposit trust funds to his own account, and then to apply the same, or at least a part of the same, to settle his indebtedness with the bank, which is an action based upon fraud. If this action were against the parties who originally issued the check, the position might be different, although it is unnecessary for us to determine that question, because it is not involved herein.

The principles announced above are applicable to each of the other causes of action attempted to be pleaded.

For the reason stated, the judgment of the trial court is affirmed.

PITCHFORD, V. C. J., and KANE, JOHNSON, ELTING, and NICHOLSON, JJ., concur.