## ROCK ISLAND COAL MINING CO. v. GALVIN et al.

No. 12172—Opinion Filed Nov. 20, 1923.

(Syllabus.)

**1. Negligence — Circumstantial Evidence.**

It is a settled rule of this state that negligence may be established by circumstantial evidence and the reasonable inferences to be drawn therefrom, and that the proximate cause of injury may be determined from circumstantial evidence.

**2. Appeal and Error — Admission of Evidence — Waiver of Objection.**

A party cannot complain of the admission of evidence over his objection where other evidence of the same tenor was admitted without objection.

**3. Master and Servant — Action for Death of Miner — Negligent Use of Tools — Instruction.**

Section 3997, Rev. Laws 1910, providing that it is a violation of the law for any person to tamp or charge any shot in any coal mine with any iron or steel instrument or with any other than a copper tipped instrument, is, by the express language of the statute, limited to the charging or tamping of holes where needles are used, and it was not error for the court to refuse to charge the jury in regard to a violation of this statute where needles were not used.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Harry Galvin and another against the Rock Island Coal Mining Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

W. H. Moore, A. W. Harries, and C. O. Blake, for plaintiff in error.

J. S. Arnote, for defendants in error.

COCHRAN, J. This action was commenced by defendants in error to recover damages for the death of Clifford Galvin, who was employed as a miner by the plaintiff in error. The parties will be referred to as plaintiffs and defendant, as they appeared in the trial court. The defendant urges that the verdict was not supported by sufficient evidence, and contends that the evidence shows that the deceased met his death because of his own negligence while attempting to tamp a brushing shot with a steel scraper. It was the contention of the plaintiffs that the deceased met his death because of the negligence of the defendant in permitting gas to accumulate to such an extent that it was ignited by the lantern of the deceased. The respective contentions of the parties were fairly submitted to the jury, and a verdict returned for the plaintiffs.

An examination of the record discloses that the evidence tends to reasonably support the contention of the plaintiffs. While the evidence was largely circumstantial, negligence may be established by circumstantial evidence. Gypsy Oil Co. v. Ginn, 88 Okla. 99, 212 Pac. 314.

It is next contended that the court erred in admitting certain evidence. An examination of the record discloses that after the evidence was introduced, to which exceptions were taken, like evidence was admitted without objection. This court has held that a party cannot complain of the admission of evidence over his objection, where other evidence of the same tenor was admitted without objection. Bower-Venus Grain Co. v. Smith, 84 Okla. 105, 204 Pac. 265.

Defendant complains of the refusal of the trial court to give requested instruction No. 3. This instruction was given by the court, except it was modified by striking out the words "or charge." The defendant contends that under section 3997, Rev. Laws 1910, it is a violation of the law for any person to tamp or charge any shot in any coal mine with any iron or steel instrument or with any other than a copper tipped instrument. The trial court instructed the jury in instruction No. 8 that it was a violation of the law for any person other than a shot-firer to tamp any shot in any coal mine, and that if the deceased was engaged in tamping a shot in his working place, and as a result thereof the shot exploded and that was the proximate cause of the injury, the verdict should be for the defendant. We are of the opinion that instruction No. 8 fully stated the law applicable to this particular matter, and that the portion of the statute referring to the charging or tamping of holes where needles were used has no application to the instant case, because the testimony does not show that a needle was being used in this mine in firing shots. On the contrary, the evidence shows that a needle was not used in this mine. For this reason we are of the opinion that it was not error to refuse to give the requested instruction.

Finding no reversible error in this case, the judgment of the trial court is affirmed, and judgment is rendered against the Rock Island Coal Mining Company and the National Surety Company of New York on the supersedeas bond filed in this case for the sum of $3,000, with interest at 6 per cent. from October 11, 1920.

McNEILL, V. C. J., and KENNAMER, NICHOLSON, and MASON JJ., concur.