### FETERLY et al. v. GAGE et al.

No. 18088—Opinion Filed Feb. 22, 1927.

(Syllabus.)

**1. Appeal and Error—Appeal, not Perfected Within Statutory Time, Dismissed.**

Where an appeal is not perfected in this court within the time provided by statute, this court is without jurisdiction to review the same, and the attempted appeal will be dismissed.

**2. Appeal and Error—Record—Absence of Judgment—Dismissal.**

A record, which fails to contain a copy of the final order or judgment sought to be reviewed, and in which it is not made to appear that the same is of record in the trial court, presents no question to this court for its determination, and the appeal will be dismissed.

Appeal from Court of Common Pleas. Tulsa County; Font L. Allen, Judge.

Action between H. K. Feterly and another. doing business as partners under the firm name of Moore & Feterly, and others and O. S. Gage and another. From an adverse judgment. the former appeal. Appeal dismissed.

Charles R. Nesbitt, for plaintiffs in error.

Wilson & Searcy, for defendants in error.

PER CURIAM. The plaintiffs in error, in their petition in error, complain of the action of the trial court in rendering judgment against them in favor of defendants in error on the 4th day of May, 1926, and predicate two assignments of error on the action of the trial court in rendering said judgment. The petition in error was filed in this court on January 11, 1927.

Section 798, Comp. Stats. 1921, provides that proceedings for reviewing, vacating, or modifying judgments or final orders shall be commenced within six months from the rendition of the judgment or final order complained of.

The six months' period in which to prosecute the appeal from said judgment in this cause expired November 4, 1926, and this court is without jurisdiction to review the judgment appealed from. Landers v. Bank of Commerce of Okmulgee. 106 Okla. 59, 233 Pac. 200; Gelabert v. State. 104 Okla. 31, 230 Pac. 230.

Plaintiffs in error filed two motions and a petition in the trial court to vacate said judgment rendered by the trial court on May 4, 1926, and in their petition in error predicate error on the action of the trial court in overruling said motions and denying relief under the petition.

No final order is contained in the case-made showing the action of the trial court thereon, and such action of the trial court is shown only by the clerk's minutes, which are no part of the record. and presents nothing to this court for review. Lillard v. Meisberger. 113 Okla. 228, 240 Pac. 1067.

Under such a state of the record as in this case, the appeal should be and is dismissed.