## HARRIS et al. v. BOYD.

No. 19982. Opinion Filed June 2, 1931.

H. B. Martin, Harry E. Stege, and Woodson E. Norvell, for plaintiffs in error.

Ellis A. Robinson and Quincy J. Jones, for defendant in error.

HEFNER, J. This is an action for damages by Stella Boyd against James M. Harris and Vera Harris to recover damages for falsely representing defendant James M. Harris to be a licensed physician and able to cure any and all human diseases.

Defendants' answer consisted of a general denial. The trial was to a jury, resulting in a verdict and judgment in favor of plaintiff in the sum of $2,000.

We shall first consider the assignment that the court erred in overruling the demurrer to the evidence as to defendant Vera Harris. The evidence discloses that plaintiff was suffering from some ailment for

several months prior to the time she consulted defendants. That, in May, 1925, she and her husband went to defendants' offices in the city of Tulsa, Okla., and there met and consulted with defendant Vera Harris; that she was advised by Mrs. Harris of the ability of Dr. Harris, referring to James M. Harris, and his wonderful and extraordinary remedies; that after this consultation she was conducted into the private office of Dr. Harris, who made a diagnosis of her case, and after such diagnosis advised her that she was suffering from weak heart, weak lungs, weak kidneys, and tuberculosis of bone tissue; that she was dying by inches and that unless she took immediate treatment her life would be short; that the doctor then told her of his medicine, "Oil of Radium," and advised her that his treatment would cost her $125, and further advised her that unless she decided to immediately take the treatment she might not be able to procure it, as the medicine was a rare medicine and could not be procured in America. The evidence further establishes that, relying upon these representations, plaintiff decided to take the treatment and paid the defendant Vera Harris the sum of $125.

It is further established by the evidence that the defendants worked together and divided the profits. The evidence is undisputed that Dr. Harris was not a licensed physician. His medicine was taken by plaintiff as prescribed, and her testimony is that it caused a burning sensation in her stomach and caused her considerable pain and suffering. Plaintiff also established that no such medicine as "Oil of Radium" is known to the medical fraternity. The evidence is also conclusive that all of these representations made by defendants were false. It is also established that after taking defendants' treatment for some time plaintiff consulted a physician and ascertained that she was suffering from chronic appendicitis. That she was operated on for this trouble and thereafter regained her health. We think this evidence sufficient to establish a case against defendants and also to connect Vera Harris with the transaction. The demurrer as to her was properly overruled.

It is conceded by defendants that the evidence is sufficient to establish a case against defendant James Harris, but they contend that the action as to him is one for breach of contract and that plaintiff was only entitled to recover the sum of $125, the amount paid for the treatment. The same contention was made in the case of Harris v. Graham, 124 Okla. 196, 255 Pac. 710. It is there said:

"In an action for damages based upon fraud, in pretending to be a physician and prescribing a sure remedy for a disease, resulting in personal injury to the plaintiff, if there is any competent evidence tending reasonably to support the verdict of the jury, the judgment rendered pursuant thereto will not be disturbed by this court on appeal.

"In an action, as above stated, it is not error, but correct, for the court to instruct the jury that, if they find from the evidence that the defendant has been guilty of fraud toward the plaintiff, they should find for the plaintiff, and, in determining the amount of damages sustained, they may take into consideration any injury to plaintiff's health, any pain or suffering caused by the fraudulent acts of the defendant; and it is not error, but correct, for the court to instruct the jury that they may take into consideration the facts and circumstances, if any, tending to show that plaintiff's disease was aggravated, or whether proper treatment thereof was delayed or made impracticable."

An instruction was requested by defendant in that case that plaintiff, if entitled to recover, would only be entitled to the amount paid for the treatment. This request was denied by the trial court and its ruling affirmed on appeal. In discussing this question the court said:

"It is conceded that plaintiff below is entitled to a judgment in the sum of $125, for money expended in the purchase of the so-called 'Oil of Radium.' It is evident that the defendant below held himself out to be a physician. * * *

"The wrong complained of is the violation of an express statute in the pretended practice of medicine. The damage claimed is an injury, resulting by reason of preventing plaintiff from securing proper medical attention. The question is, then, as to the breach of the statute, was such damage the natural, probable, and approximate result of the acts of defendant? The purpose of the statute was to prevent unskilled persons from preying upon an unsuspecting public and to eliminate the detriment that might be caused by malpractice. Hence, a person violating the statute does so with knowledge that one of its natural and probable consequences may be detriment caused both in pain and suffering and in neglect of proper medical attention."

Under this authority, defendants' contention in this respect cannot be sustained. In addition to this, defendants insisted in the trial court that plaintiff's cause of action was founded upon fraud. They will therefore be held to that theory in this court.

It is next contended that the court erred in excluding evidence offered by the defendant that he treated and cured other patients

by the use of this remedy. In the case of Ragan v. Shannon, 98 Okla. 289, 225 Pac. 672, this court announced the following rule:

"In an action for damages for injuries suffered in a treatment for cancer by one not licensed to practice medicine in the state, the results of the treatments by the defendant of other similar cases are not relevant to the issues, and it is error to admit in evidence proof of the results of such treatments."

It is next contended that the court erred in giving the following instruction:

"You are further instructed that if you find from a preponderance of the evidence in this case, that the defendants James M. Harris and Vera Harris, or either of them, practiced fraud as herein defined upon the plaintiff, in representing to the plaintiff that the said James M. Harris was a licensed physician, or that he was a physician skilled in the diagnosis and treatment of various diseases, or that the medicine prescribed or sold by said defendants to the plaintiff, was calculated to and would effect a cure of plaintiff's ailments, then the said James M. Harris and Vera Harris, or such one or both, as you may find practiced such fraud, would be liable to the plaintiff in damages."

A like instruction was approved by this court in the case of Harris v. Graham, supra. The court said:

"In an action as above stated, it is not error, but correct, for the court to charge the jury, if they find from the evidence that the defendant practiced a fraud upon the plaintiff in pretending to be a physician, and treated her to her injury, and she submitted to the treatment in reliance upon such fraud, then they should find damages in such amount as the evidence showed to be the result of such fraud."

In view of this authority, when considered in connection with the other instructions, there was no error in giving the instruction.

Defendants also requested instruction on the weight to be given expert evidence. The court sufficiently covered these matters in its general charge. There was, therefore, no error in refusing this request.

It is also contended that the court erred in admitting certain evidence offered by plaintiff as to the effect the medicine had upon her. The evidence objected to is not specifically pointed out. In their assignment on this question counsel say it was error to permit plaintiff to testify as to the effect upon her of the use of the medicine. This assignment is too indefinite to require consideration.

The judgment is affirmed.

RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.

LESTER, C. J., absent.

CLARK, V. C. J., and McNEILL, J., not participating.