### HARRIS et al. v. SMITH.

No. 19992.   Opinion Filed June 16, 1931.

H. B. Martin, Harry E. Stege, and Woodson E. Norvell, for plaintiffs in error.

Ellis A. Robinson and Quincy J. Jones, for defendant in error.

RILEY, J. This is an action brought by Lena Smith against James M. Harris and Vera Harris to recover damages for falsely representing James M. Harris to be a licensed physician enabled to cure any and all human diseases, and falsely representing to plaintiff that she was suffering from a cancer and inducing her to purchase and use a certain remedy called "oil of radium," which was by them claimed to be a "specific" for such disease.

Defendants first filed motions to strike certain · allegations from the petition, and also demurrer to the petition. These were overruled, and defendants answered by general denial.

Trial was had to a jury, resulting in a verdict for plaintiff of $1,000 actual, and $2,000 exemplary damages.

The first assignment of error is that the court erred in overruling the motion of defendants to strike certain alleged redundant matter from the petition.

The only showing in the record that this motion was in fact overruled is a recital in the case-made from the clerk's minutes. We are doubtful whether this is sufficient to present the question here, under the holding in this court in Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067; Merchants S. W. Warehouse Co. v. Johnston, 113 Okla. 146, 243 Pac. 186; Feterly v. Gage, 122 Okla. 229, 253 Pac. 499; Bouse v. Whitney, 130 Okla. 144, 265 Pac. 1048.

However, we have carefully considered the assignment, and conclude that there was no error in overruling the motion to strike. The motion was general and covered 15 of the 17 paragraphs of the petition. Defendants do not point out what matters therein are claimed to be redundant. Certainly not all of them are so. Crump v. Lanham, 67 Okla. 33, 168 Pac. 43, is the only case cited from this court in support of the assignment, and we find no allegation or statement in the petition similar or resembling the statement contained in that case, which the court said should have been stricken if properly attacked. The contention therein made was denied for the reason that the motion was too general and was not directed solely to that part of the petition said to be objectionable. It is contended here that the paragraphs of the petition attacked were allegations purely evidentiary in character and in no sense statements of ultimate fact. With this contention we cannot agree. Many of the allegations were proper statements of ultimate fact.

The second and third assignments were presented together and go to the sufficiency of the petition. The second is based upon the order overruling the demurrer to the petition, and the third to the order overruling objection to the introduction of evidence. The grounds of the demurrer were: (1) That the petition did not state facts sufficient to constitute a cause of action; and (2) that the petition shows on its face that the grievance complained of occurred more than two years before the commencement of the action, and the action is therefore barred by the statute of limitation (sec. 185, C. O. S. 1921).

It is contended that the petition shows on its face that the acts complained of occurred more than two years prior to the commencement of the action, and the whole action is therefore barred. This presents the question whether an action such as this is barred in two years from the alleged fraudulent act,

or two years after the discovery of the fraud and the falsity of the representation. The petition alleges the fraudulent acts and false representations and resulting damages as having occurred more than two years before the action was commenced, but by appropriate allegations stated that plaintiff did not discover the fraud and the falsity of the representations as to defendant Harris being a licensed physician, and that the pretended medicine was "radium," until about three months before the filing of the petition.

Subdivision 3, of section 185, C. O. S. 1921, provides that an action for relief on the ground of fraud must be commenced within two years after the cause of action shall have accrued—the cause of action in such cases shall not be deemed to have accrued until the discovery of the fraud.

The general rule seems to be that actions for relief on the ground of fraud, where the statute provides that the cause of action shall not be deemed to have accrued until the discovery of the fraud, includes actions at law for money judgment. 37 C. J. 972.

In Massachusetts Bonding Ins. Co. v. Guthrie Savings Bank, 85 Okla. 7, 204 Pac. 299, an action to recover money fraudulently appropriated, it was said:

"By virtue of section 4657, R. L. 1910 (sec. 185, C. O. S. 1921), the cause of action did not accrue until the fraud was discovered, and the parties then had two years within which to commence their action. * * *"

Authorities on the question are divided, as is shown in Lightner Mining Co. v. Lane, 161 Cal. 689, 120 Pac. 771, where the authorities on both sides are collected, and where it was held:

"In every case, irrespective of any exceptions in the statute, the fraudulent concealment of the facts on which the cause of action depends stays the running of the statute until the discovery of such facts, and trespassing in an underground mine upon another's land and secretly extracting ore therefrom necessarily constitutes a fraud, making the statute of limitations run from the actual discovery of the fraudulent trespass, and not from the taking of the ore."

In Baily v. Glover, 88 U. S. 349, 22 L. Ed. 636, in discussing the question whether fraud and the concealment thereof would stay the running of the two-year limitation in the federal Bankruptcy Act until the discovery of the fraud, the court said:

"We cannot say in regard to this act of limitations that courts of equity are not bound by its terms, for its very words are that 'No suit at law or in equity shall in any case be maintained * * * unless brought within two years,' etc. It is quite clear that this statute must be held to apply equally by its own force to courts of equity and to courts of law, and if there be an exception to the universality of its language, it must be one which applies under the same state of facts to suits at law as well as to suits in equity."

"But we are of the opinion, as already stated, that the weight of judicial authority, both in this country, and in England, is in favor of the application of the rule to suits at law as well as in equity. And we are also of opinion that this is founded in a sound and philosophical view of the principles of the statutes of limitation. They were enacted to prevent frauds; to prevent parties from asserting rights after the lapse of time had destroyed or impaired the evidence which would show that such rights never existed, or had been satisfied, transferred or extinguished, if they ever did exist. To hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it, is to make the law which was designed to prevent fraud the means by which it is made successful and secure. And we see no reason why this principle should not be as applicable to suits tried on the common-law side of the court's calendar as to those on the equity side."

In Traer et al. v. Clews, 115 U. S. 537, 29 L. Ed. 467, it was held:

"Where fraud is the foundation of the action, the limitation of two years under the Bankrupt Act does not begin to run in the absence of negligence or laches of the plaintiff, until the discovery of the fraud."

In Rosenthal v. Walker, 111 U. S. 185, 28 L. Ed. 395, it was said:

"An action at law by an assignee in bankruptcy to recover money paid and property sold by the bankrupt, in fraud of the Bankrupt Act, where the defendants concealed the fraud which was sought to be redressed, is not subject to the bar of the statute of limitations of two years from the transaction, but may be brought within two years after the discovery of the fraud."

The above cases from the United States Supreme Court construed the limitation in the Bankruptcy Act, which does not have a provision similar to our statute expressly providing that in an action for relief on the ground of fraud the cause shall not be deemed to have accrued until the discovery of the fraud.

Applying the rule which seems to have sanction in Massachusetts Bonding Co. v. Guthrie Savings Bank, supra, there was no error in overruling the demurrer to the petition, and overruling the objection to introduction of evidence.

The contention that plaintiff's petition should be construed as an action ex contractu has been decided adversely to defendant in Harris v. Graham, 124 Okla. 196, 225 Pac. 710, and in Harris v. Boyd, 149 Okla. 196, 299 Pac. 888.

Defendants contend that there was error in the admission of certain incompetent and immaterial evidence. But two questions and the answers thereto are set out in the brief. To the first one no objection was made as to the competency or materiality of the evidence. The objection was that the question was leading and suggestive. The question was propounded in connection with the formal proof as to whether or not plaintiff believed the statements of defendant Harris that he could cure her. The other question objected to was a hypothetical one propounded to one of the expert witnesses. The objection was that it was incomplete and contained elements of which there was no proof in the evidence. Defendants do not point out wherein the question was incomplete, nor do they attempt to set out what elements the question contained of which there was no proof in the evidence. They cite no authority in support of this assignment and simply say there was no evidence to justify the question. We think the contention made was without merit.

The sixth, seventh, eighth, and ninth assignments of error go to the action of the court in denying motions for a directed verdict and in overruling defendants' separate demurrers to the evidence of plaintiff. Under these assignments, defendants, in their brief, reassert their contention as to delay in bringing the action, and the insufficiency of the petition, and say that there is an entire absence of any competent evidence on the part of the plaintiff. The question as to whether the action was commenced too late has already been discussed. We have examined the record and find ample competent evidence reasonably tending to support the allegations of plaintiff's petition. There was no error in the rulings complained of under these assignments.

The tenth and eleventh assignments are directed to alleged error in the instructions. Defendants, in their brief, admit that no exceptions were indorsed upon the instructions. The record shows that no objection was made to any one of the instructions, and nowhere does the record disclose that defendants in any way called attention of the trial court to the so-called "fundamental errors" complained of for the first time in this court. They do not cite any case where it has been held that a party may sit by and see the trial court commit "fundamental error" in its instructions, make no objection thereto, make no attempt to have the court correct such error, and thus speculate upon the verdict of the jury, and raise the question for the first time after the verdict has been rendered against them.

In Simpson v. Plummer, 96 Okla. 68, 220 Pac. 342, it was held:

"Where no exceptions are taken to the giving or refusing of instructions of the court, the parties are concluded by their failure to take exceptions, and the appellate court will not examine the same."

In St. L. & S. F. R. Co. v. Cauthen, 112 Okla. 256, 241 Pac. 188, it was held:

"The rule is fairly established that, where the charge of the court does not cover all phases of the case, counsel is bound to call its attention to the omission by an appropriate request or be precluded from making such failure available as reversible error."

The question is not properly here for review. Learned counsel talked earnestly of "fundamental error" here. They should have spoken, if it existed, where and when it could have been cured without requiring a new trial.

In the twelfth assignment of error defendants assert that the verdict is the result of passion and prejudice and is exorbitant and excessive.

We have carefully examined the record, and are unable to say that there is any indication that the verdict is based upon, or is the result of passion or prejudice, nor does it appear excessive under the evidence.

The thirteenth assignment is a repetition of the claim made under the sixth to ninth assignments, inclusive; that is, that there is no evidence to support the verdict.

We have already said that there is ample competent evidence reasonably tending to support the verdict.

The fourteenth assignment is that the court in overruling the motion for a new trial did not affirmatively approve the verdict.

DeMeglio v. Studebaker, 73 Okla. 177, 175 Pac. 342, is cited in support of this contention. We do not understand that case to hold that the trial court, in passing upon a motion for a new trial where the sufficiency of the evidence is challenged, must set out in so many words that the verdict is approved or disapproved, as the case may be. All that is held is that in passing upon such motion the trial court should examine and weigh the evidence and approve or disapprove the verdict. If upon weighing the evidence he disapproves the verdict, he

should set it aside, and if he approve it, he should refuse to do so. The order setting aside the verdict is sufficient to show that it is disapproved. Likewise, the order refusing to set aside the verdict is sufficient to show approval.

Finally, defendants contend that a new trial should have been granted because of a showing made under which it is contended that one of the jurors who sat in the case had made certain statements after the trial which showed that he was biased and prejudiced against defendant Harris at the time he sat on the jury. The trial court called witnesses and went into the matter at length. Certain witnesses testified that the juror had made such statements. The juror was called as a witness and flatly denied making the statements and insisted that he never knew the defendant Harris and had never heard of him before being called as a juror in the trial. The trial court had the witnesses before him and patiently heard both sides and in effect found that no such statements were made.

We have carefully examined the proceedings, and conclude that the trial court was thoroughly justified in so holding

The judgment is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., not participating.