## OSKISON v. BAGBY et al.

No. 24834.    June 11, 1935.

W. R. Kerr, for plaintiff in error.

W. E. Green, J. C. Farmer, and Gerald Fitz-Gerald, for defendants in error.

PER CURIAM. This is an action for damages brought by the plaintiff, Lizzie Oskison, as the surviving widow of A. J. Oskison, deceased, against Lewis Bagby and C. S. Neer, partners doing business under the firm name of Bagby & Neer, and Lewis Bagby and C. S. Neer, as partners doing business under trade or firm name of the Vinita Hospital, and Lewis Bagby and C. S. Neer, individually. Plaintiff alleges that the defendants Lewis Bagby and C. S. Neer were physicians and surgeons practicing under the firm name of Bagby & Neer, and as partners owned and operated the Vinita Hospital; that on May 16, 1930, the plaintiff's husband, Albert J. Oskison, injured the first finger on his right hand while cutting wood with a saw at his home in Craig county, and employed the defendants as physicians and surgeons to treat said injured finger; that C. S. Neer personally undertook to treat said injured finger and determined that it was necessary to operate thereon, and that in order to operate on said finger caused said plaintiff's husband to be placed under a general anesthetic; that a general anesthetic was not necessary and that the operation could have been performed under a local anesthetic; that plaintiff's husband was afflicted with a weak and defective heart, of which fact C. S. Neer was informed prior to the giving of the anesthetic; that defendant C. S. Neer failed to examine plaintiff's husband's heart and caused the employees of the defendants to give plaintiff's husband a general anesthetic; that an excessive quantity of the anesthetic was administered and that by reason of the administration of the general anesthetic and an excessive

amount of anesthetic, the heart of plaintiff's husband was so affected as to cause his immediate death, and that the negligence of the defendants in administering a general anesthetic instead of a local anesthetic with knowledge of the condition of plaintiff's husband's heart, and in administering an excessive amount of anesthetic, caused the death of plaintiff's husband, to the damage of the plaintiff in the sum of $100,000.

The answer of the defendants is a general denial.

The trial was to the jury, resulting in a verdict and judgment in favor of the defendants, and plaintiff appeals.

1. Plaintiff in error contends that the answer day was June 13th, and that no appearance was made by the defendants until June 14th; that that appearance was therefore a nullity, and that all proceedings had thereafter in the cause were void.

After the original appearance of the defendants, various proceedings were had in the cause, and thereafter, on September 30th, the plaintiff filed her amended petition, after which the issues were made up, and in due course the case was tried to a jury, without objection, so far as the record shows, being made by the plaintiff. Defendants' pleading was treated by all parties as if it were filed in time, and the irregularity of same being filed one day late was waived.

In addition, this question was not raised in the court below, and it is a well-established rule that objections which are not raised in the trial court, and which do not affect the substantial rights of the parties, will not be considered by this court. Stem v. Adams, 30 Okla. 101, 118 P. 382.

2. Plaintiff next complains of the refusal of the court to admit in evidence the deposition of a witness. This witness had testified that Dr. Neer, prior to giving plaintiff's husband the anesthetic, had examined plaintiff's husband's heart with a stethoscope. In the deposition of this same witness previously taken, she had merely stated that Dr. Neer had examined the patient's heart prior to giving the anesthetic, no mention being made in the deposition of the stethoscope. The court offered to permit the introduction of any part of the deposition. The offer was to introduce the entire deposition, which the court below refused to permit. This was a matter within the discretion of the trial court.

Next plaintiff complains of refusal to permit a witness to testify that one of the defendants performed an operation similar to that performed upon plaintiff's husband, upon the witness, using a local anesthetic instead of a general anesthetic. This evidence was clearly not competent, and the refusal to admit it was not error. See Ragan v. Shannon, 98 Okla. 289, 225 P. 672, and Harris et al. v. Boyd, 149 Okla. 196, 299 P. 888, in which cases the rule is laid down that evidence as to the results of the treatment by the defendant of other similar cases is not relevant to the issues and is inadmissible.

3. Plaintiff next complains that the verdict is contrary to the evidence, and is not sustained by the evidence. It is sufficient to say that there was a direct conflict between the evidence of the plaintiff and the evidence of the defendants at every step of the case. We have examined the record carefully, and find competent evidence reasonably tending to support the verdict of the jury. In the case of Mitchell v. Milner, 111 Okla. 70, 238 P. 210, the first paragraph of the syllabus is as follows:

"A judgment of the court, based upon the verdict of a jury, in a law action, will not be reversed on appeal if there is any competent evidence which reasonably tends to support the verdict of the jury."

4. On her motion for new trial, plaintiff presented one of the jurors, who testified as to what happened in the jury room after the case went to the jury and before a verdict was rendered. It is a well-established rule in this jurisdiction that upon grounds of public policy jurors will not be heard by deposition, affidavit, or other sworn statement to impeach their verdict. Stekoll v. Lebow, 96 Okla. 76, 219 P. 899. The court below, in view of the above rule, refused to grant a new trial on this ground, and obviously there is no error in this ruling.

5. The plaintiff next assigns as error the admission of evidence on the part of the defendants in error over the objection of the plaintiff in error. Under this assignment the plaintiff contends that it was error for the court to permit one of the doctors to answer a hypothetical question over the objection of the plaintiff. Several other doctors who testified as witnesses were asked and answered substantially the same hypothetical question without objection by the plaintiff. In Rock Island Coal Mining Co. v. Galvin, 96 Okla. 95, 220 P. 832, the second paragraph of the syllabus is as follows:

"A party cannot complain of the admission of evidence over his objection, where other evidence of the same tenor was admitted without objection."

Under the rule laid down in the above case, it is clear that no error was committed in permitting the witness to answer the question objected to.

6. In the trial of the case in the court below, the defendants asked for the rule, and the court announced to the witnesses:

"The rule has been invoked as to the witnesses; all witnesses in the case are directed to retire from the courtroom. Witnesses will not be permitted to discuss the testimony with one another. That means that you are not to tell the other witnesses what your testimony is going to be, nor what your testimony was if you have given it. You will be permitted to talk to the attorneys in the case if they desire to talk to you. Remain within call of the court, and the bailiff will make you as comfortable as possible."

Thereafter it was noted that several of the doctors who had been called as expert witnesses were engaging in a conversation, and the participants in the conversation were questioned fully in regard to the conversation by the attorneys for the plaintiff and the defendants and by the court. Whether these witnesses should have been permitted to testify was a matter within the discretion of the trial judge, and in view of the fact that their evidence was merely cumulative, we are unable to say that there was any abuse of discretion. In the case of Stedman Fruit Co. v. Smith et al. (Tex. Civ. App.) 28 S. W. (2d) 622, the 24th paragraph of the syllabus is as follows:

"Trial court could permit expert medical witness to testify in personal injury action, notwithstanding he heard testimony of another doctor, even if witness was under rule."

7. Plaintiff next complains of refusal of the court to give certain instructions requested by the plaintiff. We have carefully examined those instructions and the instructions given by the court, which were not objected to by the plaintiff, and find that the instructions given, taken as a whole, fairly submitted the issues presented by the pleadings and the evidence to the jury, and that there was no error in refusing to give the instructions requested. White v. Little, 131 Okla. 132, 268 P. 221.

From a consideration of the entire record, we reach the conclusion that the verdict of the jury is reasonably sustained by the evidence, and the judgment of the district court is affirmed.

The Supreme Court acknowledges the aid of Attorneys B. A. Ames, Leo Considine, and Frank G. Anderson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ames and approved by Mr. Considine and Mr. Anderson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, WELCH, PHELPS, and GIBSON, JJ., concur.