## CONCORDIA FIRE INSURANCE CO. et al. v. WISE, Adm'r, et al.

No. 14575—Opinion Filed Feb. 9, 1926.

Rehearing Denied May 18, 1926.

(Syllabus.)

1. **Insurance—Action on Fire Policy—Pleading "Fraud" as Defense—Arson Committed by Insured.**

In a suit to collect a fire insurance policy, an answer setting out that the insured willfully, deliberately, and intentionally set fire to and destroyed the buildings and property insured, as described in the petition of the insured and the policy sued upon, is sufficient to plead a constructive fraud upon the part of the insured.

2. **Fraud—Pleading — Fraud Implied from Facts Alleged.**

It is not necessary that the pleading allege fraud in direct terms; pleading may be sufficiently made by stating the facts from which fraud is implied.

3. **Evidence—Insurance—Defense to Action on Fire Policy—Previous Fire Suffered by Insured — Admissibility as Evidence of Fraud.**

Evidence offered by insurance companies of previous fires and losses by the insured, covering a period of 17 years, the last of which was about five years before the loss occurred on which this suit was brought. to be admissible, must be logically and naturally connected, showing a plan or scheme on the part of the insured to defraud the insurance company.

4. **Evidence — Other Offenses — Connection Rendering Admissible.**

Whatever may be the object of evidence as to other offenses or to prove motive of intent or guilty knowledge or to show a general plan or scheme, proof of a direct substantive crime is never admissible, unless there is some legal connection between the two, upon which it can be said that one tends to establish the other.

5. **Evidence—Action on Fire Insurance Policy—Testimony at Criminal Trial by Witness Since Deceased, Inadmissible.**

In an action to recover on a fire insurance policy, the testimony of a witness who has since died. given in the criminal proceedings

against the insured for burning the building covered by insurance, is properly excluded.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action by W. L. Lyons and P. H. Crahan, receiver for Taylor & Lyons, against the Concordia Fire Insurance Company, the Retailers Fire Insurance Company, and the Patriotic Assurance Company. Judgment for plaintiffs, and defendants appeal. The death of W. L. Lyons, defendant, having been suggested this cause was revived in the name of John A. Wise, administrator of the estate of W. L. Lyons, deceased. Affirmed.

Rittenhouse & Rittenhouse, for plaintiffs in error.

O. L. Rider, Preston S. Davis, and Roberts & Clark, for defendants in error.

CLARK, J. This is an appeal from the judgment rendered in the district court of Craig county, Okla., in favor of defendants in error and against the several plaintiffs in error in an action to recover for the loss by fire on January 3, 1922, of a building and the contents thereof, at Vinita, Okla.

The plaintiffs in error are the insurance companies which carried insurance on the said property. Separate actions were filed against each company on the policy or policies issued by it. The Concordia Fire Insurance Company was sued for $6,000; the Retailers Fire Insurance Company was sued for $21,000; the Patriotic Assurance Company was sued for $4,000; and the Patriotic Assurance Company was sued by the receiver for $2,000; the total amount of the insurance carried on the property being $33,-000. The several cases were consolidated by agreement and stipulation between plaintiffs and defendants in the trial court and the action went to trial before a jury in the case against the defendant Concordia Fire Insurance Company; W. L. Lyons being the owner, and insured, of the furniture store and rooming house, and a member of an undertaking, furniture and mercantile company known as Taylor & Lyons, of which company P. H. Crahan was receiver and as such joined as party plaintiff with Lyons in the suit in the trial court.

The defendants filed their answer and raised the sole question of the origin of the fire, and alleged that the plaintiff willfully, intentionally, and deliberately set fire to and destroyed the property mentioned in said petitions and policies.

The plaintiffs replied by a general denial in each case. Upon the issues thus joined a trial was had.

One Martin Berry, a mortgagee mentioned in the mortgage clause forming a part of the policy for insurance sued upon, filed his petition for leave to intervene, and the trial court entered an order allowing him to intervene and file his petition, and the trial court rendered judgment in favor of the intervener in the sum of $5,530.83. This was assented to by counsel for all parties and the mortgagee, intervener, was eliminated from the case. The jury rendered separate verdicts as to each defendant and rendered judgments in the total amount, for plaintiffs in the trial court, in the sum of $33,000. Numerous assignments of error are presented.

Defendants in error, in their brief, present argument to the effect that the answer on the part of the plaintiffs in error, defendants below, fails to plead fraud as relied upon for a defense. We do not think this contention of defendants in error is well founded, for the reason that the allegation "that said fire was caused through the acts of the plaintiff in that said plaintiff willfully, deliberately, and intentionally set fire to and destroyed said buildings and their contents, described and set forth in plaintiffs' petition, and that by reason of the said acts of the plaintiff, in the destruction of said property by fire, that the said plaintiff is not entitled to recover herein," though not in direct terms, reasonably sets forth a plea of fraud. The phrase, "willfully, deliberately, and intentionally set fire and destroyed said buildings," negatives an accidental fire, a fire negligently caused. Plaintiffs in error's answer constitutes an alleged fraud, and it is not necessary that an answer should be in specific terms, stating a conclusion of fraud. The defendants in error cite no authorities upon this subject, and we conclude the defense pleaded in the answer, which was the only defense in the case at bar, was sufficient in form to embrace a plea of fraud.

The plaintiffs in error offered to prove previous losses by fire on the part of the defendant in error, and to prove that the insured had collected insurance on the property lost. The plaintiffs in error offered to prove that the insured had property burned at Fayetteville, Ark., in 1905 and 1906; and that he owned an interest in property that burned in Vinita in August, 1906; and that he also had a residence which burned five or six years before the date of of the trial of the present case; and that property belonging to Pearl Frye, a former ward of the insured, burned about five years

before the date of the trial of the present cause; and that the insured had collected insurance on all the property burned. This offer was rejected by the trial court, and plaintiffs in error complain that this was reversible error. This evidence was offered to show a continuous loss by fire of the property of the insured, beginning some 17 years before, and ending some five years before the trial of the case at bar. The theory upon which this offer of testimony was made was that it was a plan or scheme of the insured to burn his property for the insurance. Plaintiffs in error also offered a sworn examination of the insured, as given under the terms of the policy sued upon, relative to fires of previous occurrences. All of such evidence could only be admitted under the theory or general plan or scheme bearing upon the intent as above set out. All of such evidence offered, and rejected by the trial court, standing alone, only proves that the insured must have been most unfortunate. It is when connected with and shown to be a part of a scheme to defraud that such evidence becomes admissible. It cannot be said in the case at bar that the alleged fraudulent burning of the property insured in the policies sued upon was a necessary part of a general plan. The element of time enters materially into our consideration of the case at hand. It will be borne in mind that neither in the case at bar nor in the offered evidence is there shown a reason or motive underlying the willful destruction of property by fire. That is to say, the insured was not shown to be overinsured, that this property was not salable, that he was in financial distress; nothing of the kind appears, and in the case at bar the exact opposite is to some extent admitted in the answer of plaintiffs in error—that the property destroyed was greater in value than the amount of insurance covering it. Yet we have concluded that there can be no recovery by insured for a loss caused by his intentional destruction of property, and such rule applies whether such destruction be wanton destructiveness or for fraudulent gain. We are therefore of the opinion that the evidence offered was insufficient to prove a fraudulent plan or scheme on the part of the insured, and was properly rejected.

W. S. Copeland testified for the defendants in the trial court that he was in Vinita on the night of the fire that destroyed the store of insured, and was across the street from the store; that he saw the defendant in error, plaintiff below, in his building, on the first floor thereof, pouring something out of a can on the materials in the building,

and he saw the insured start the fire; that he had come from Chelsea, arriving at Vinita after midnight; that after having seen the insured start the fire, he met and spoke to policeman Murphy; that he went to a restaurant to get something to eat, and from there to the fire, and was later ordered by Grady Stough to report for arrest for running over the fire hose. Copeland also testified that he came to Vinita on the Vinita-Chelsea road and had crossed the creek known as Big Cabin creek, over a bridge about two miles south of Vinita, coming from the west, and had turned north into town. The policeman Murphy testified for defendants, corroborating Copeland's presence at the fire. A number of witnesses produced by the insured testified that Copeland, at the time of the fire, and for several days prior, had been at another place, to wit, Catale, about twelve miles from Vinita, at the home of one Frank Hall. There was also evidence introduced that the bridge over Big Cabin creek, two miles southwest of Vinita on the Vinita-Chelsea road, was being repaired, and was impassable at the time of the fire. Copeland's testimony was further contradicted by those witnesses, firemen and policemen, who arrived at the fire first, saying that the first fire seen was upstairs, or in the second story, and they did not see any fire on the lower floor when they first arrived at the scene.

Grady Stough testified at the preliminary examination wherein insured, W. L. Lyons, was charged with arson. It was shown in the case at bar that Grady Stough was a fireman at the time of the fire, and that he was deceased at the time of the trial at hand. The testimony of Grady Stough was offered for the purpose of corroborating Copeland's testimony and proving his presence in Vinita at the time of the fire. The transcript of his testimony was offered in evidence by plaintiffs in error and was refused by the court. This is assigned as error.

The contention of the defendants in error is that the transcript of the testimony of Grady Stough is not admissible: First, because not proven to be correct, or certified as correct and filed as required by law; second, because the conditions requisite to its use as a deposition do not exist.

Section 2491, Comp. Stats. 1921, is as follows:

"The witness must be examined in the presence of the defendant, and may be cross-examined by him. On the request of the county attorney, or the defendant, all the testimony must be reduced to writing in the

form of questions and answers and signed by the witnesses, or the same may be taken in shorthand and transcribed without signing, and in both cases filed with the clerk of the district court, by the examining magistrate, and may be used as provided in section 6676 (2536) of this compilation. In no case shall the county be liable for the expense in reducing such testimony to writing, unless ordered by the county attorney. * * *"

This section provides the manner in which testimony shall be preserved in preliminary hearings.

Section 2536, Comp. Stats. 1921, provides:

"In the investigation of a charge for the purpose of presenting an indictment or accusation, the grand jury may receive the written testimony of the witnesses taken in a preliminary examination of the same charge, and also the sworn testimony prepared by the county attorney, without bringing those witnesses before them, and may hear evidence given by witnesses produced and sworn before them, and may also receive legal documentary evidence."

This section provides when and where such testimony so taken may be used in evidence.

Section 3071, Comp. Stats. 1921, provides:

"The shorthand reporter in any court of record shall file his notes taken in any case with the clerk of the court in which the cause was tried. Any transcript of notes so filed, duly certified by the reporter of the court who took the evidence as correct, shall be admissible as evidence in all cases, of like force and effect as testimony taken in the cause by deposition, and subject to the same objection; a transcript of said notes may be incorporated into any bill of exceptions or case-made. On appeal it shall be the duty of the reporter to furnish such transcript when demanded, as required by law. If any reporter ceases to be the official reporter of the court, and thereafter makes a transcript of the notes taken by him while acting as official reporter, he shall swear to the transcript to be true and correct, and when so verified the transcript shall have the same force and effect as if certified while he was official reporter."

This section provides that the testimony shall be under the same rules as a deposition.

Section 623, Comp. Stats. 1921, provides that:

"When a deposition has been once taken, it may be read in any state of the same action or proceeding, or in any other action or proceeding, upon the same matter between the same parties. * * *"

Plaintiffs in error contend that the trial
114-9

court committed reversible error in refusing the offered testimony of Grady Stough, and cite the case of Ray v. Henderson, 44 Okla. 174, 144 Pac. 175, in which their contention was sustained. This case was an action by Mrs. Rettie Henderson against Robert Ray, Frank Ray, and Francis Baxter for assault. Prior to the trial of the civil suit the defendants were arrested on the charge of felonious assault, and at their preliminary trial on this charge William Hembree and J. W. Hess gave testimony which was taken in shorthand by a stenographer, who afterwards transcribed the same into longhand. At the trial of the case it was shown that both these witnesses were dead; the court permitted the plaintiff to use the evidence of these witnesses, as given at the trial of the criminal case, and the action of the trial court was upheld in a very able opinion by Commissioner Brewer. The opinion cited and followed the case of Charlesworth v. Tinker, 18 Wis. 633. In the Wisconsin case it was held that this class of testimony was admissible for the reason that in the criminal prosecution for assault and battery the prosecuting witness had charge and control of the case. In the body of the opinion the court used this language:

"And that our statute does give the complainant in a criminal prosecution before a magistrate for an assault and breach of the peace the control of the prosecution, with full power to examine all witnesses sworn upon the trial, there can be no doubt."

We think the learned Commissioner who wrote the opinion in the Ray v. Henderson Case was in error in following the Wisconsin case.

In the case at bar the defendant in error was prosecuted for arson by the state of Oklahoma, and it does not appear that the plaintiffs in error were even prosecuting witnesses in that case, or that they instituted the same or had anything to do with that prosecution or preliminary examination.

In Cyclopedia of Evidence, vol. 5 at page 920, it is said:

"The parties to the trial at which the former testimony is offered to be proved must, either personally or by representation, have been parties likewise interested in the former trial; otherwise the former testimony cannot be proved."

And at page 922 it is said:

"It would seem that where the former cause is a criminal prosecution and the latter a civil proceeding to which the state is not a party, the parties to the two causes are not sufficiently the same, although sometimes former testimony has been admitted."

We have examined the authorities cited in the briefs of plaintiffs in error and defendants in error, and we cannot agree that the minority rule is the better rule. We think the rule as laid down by the Supreme Court of Illinois in the case of McInturff v. Insurance Co. of North America, 248 Ill. 92, 93 N. E. 369, which follows the majority rule, is the better rule. The first paragraph of the syllabus reads as follows:

"Testimony given in a former action or at a former trial of the same action by a witness who has since died is admissible, provided the person against whom the testimony given had an opportunity to cross-examine the witness, provided the question in issue is substantially the same as in the first action, and provided the action, if civil, is between the same parties, or their representatives in interest, or, if criminal, against the same person upon the same state of facts, a mere nominal change of parties in the second action being, however, immaterial."

And the second paragraph of the syllabus reads as follows:

"In an action to recover on a fire insurance policy, the testimony of a witness, who has since died, given on the trial of a criminal prosecution against the insured for burning the building covered by the insurance, is properly excluded."

Elliott in his work on Evidence, vol 1, page 495, after stating the general rule, states the following limitations to its application: "It is necessary," says this learned author, "(a) that the person against whom the evidence is to be given had the right and opportunity to cross-examine the declarant when he was examined as a witness; (b) that the questions in issue were substantially the same in the first as in the second proceeding; (c) that the proceeding, if civil, was between the same parties or their representatives in interest; (d) that in criminal cases the same person is accused upon the same facts;" and he cites numerous authorities to support the text.

We do not deem it necessary to go further into the authorities upon this question. The testimony given by the deceased witness, Grady Stough, at the preliminary trial of the defendant in error was properly excluded by the court on the trial of the civil action on the policies of insurance. We think this is established by the greater weight of authority and by better reasoning. It would be manifestly unfair to the defendant in error, when put on trial charged with a crime, to require him to try his civil case, if one was contemplated, and he could not possibly anticipate that the testimony given in that

case would be used in a civil case later arising between himself and his insurance companies. It is true that the same state of facts was attempted to be proven by the deceased witness as was proven in the preliminary examination, but it does not conform to section 623, Comp. Stats. 1921, which provides that the depositions may be used in any other action or proceeding upon the same matter between the same parties. If to follow the rule contended for by plaintiffs in error, it would permit the taking of an unfair advantage of a litigant in the trial of his case. It is contended that this question turns upon the point of the right of the defendant to cross-examine the witness, rather than upon the identical parties. With this contention we cannot agree. We think the better rule is as stated in the Illinois case, supra. We are, therefore, of the opinion that the court did not err in excluding the evidence of the deceased witness, Grady Stough. Having arrived at this conclusion, we are of the opinion that the law as announced in Ray v. Henderson, supra, in so far as it conflicts with the views herein expressed, should be overruled.

The remaining points urged for a reversal do not require a detailed discussion. This cause was tried to a jury, both sides were ably represented, and the cause was submitted on fair instructions, and the jury found against the plaintiffs in error. Finding no reversible error, the judgment is affirmed.

NICHOLSON, C. J., and BRANSON, LESTER, and HUNT, JJ., concur. HARRISON, PHELPS, and RILEY, JJ., dissent.

Note—See under (1) 26 C. J. p. 499, § 703. (2) 27 C. J. p. 30 § 146; 12 R. C. L. p. 416; 2 R. C. L. Supp. p. 1425; 5 R. C. L. Supp. p. 644. (3) 26 C. J. p. 532 § 746. (4) 22 C. J. p. 749 § 837; 26 C. J. p. 744 § 835. (5) 22 C. J. p. 428 § 513.