BOWEN v. CONNECTICUT FIRE INS. CO.

No. 31009. Nov. 16, 1943.

*143 P. 2d 140.*

A. K. Little, of Oklahoma City, for plaintiff in error.

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for defendant in error.

BAYLESS, J. Willie Mae Bowen was the owner of certain personal property in Oklahoma City in the nature of household goods and personal effects

upon which she purchased a policy of fire insurance from the Connecticut Fire Insurance Company of Hartford, Conn., a corporation, as insurer. About midnight of Oct. 3-4, 1940, a fire occurred in her home, out of which she filed a claim for damage to the personal property so insured. She later sued to enforce the alleged liability, and from a jury's verdict adverse to her, she appeals. The company filed an answer in which they charged in effect that the fire was of an incendiary origin, being set by her or through contrivance. They also charged her with fraud and deceit in respect to the removal of certain property prior to the fire and in respect to items of property alleged to have been lost or destroyed which were made a part of her written claim.

Since the jury's verdict was in favor of the defendant, we are of the opinion that the jury must have been of the belief that she either burned or procured the property to be burned and denied her a recovery on that basis; for if they had found in her favor in respect to the issue of arson, the jury would have been obliged to have rendered a verdict for her for some recovery because it was clear from the evidence that she suffered some loss. If the jury found that she burned or procured the property to be burned, then she was not entitled to recover on the policy irrespective of the loss which she showed she suffered. Therefore, in disposing of the issues discussed in the briefs of the parties we restrict our discussion to the issue of arson.

She presents three propositions touching upon this issue, which we will discuss together. She says: (1) There is no direct evidence tending to establish that she burned the property or procured it to be burned; (2) that there is no legally admissible evidence tending to show that the fire was of incendiary origin; and (3) evidence of motive and intent, standing alone, are insufficient to establish a connection between her and the fire.

The evidence on her part showed without contradiction that she left her home in Oklahoma City the morning of October 3rd, and went to Pottowatomie county, and her presence in that county is accounted for hourly, with one exception to be noted, until sometime during the afternoon of October 4th. On this basis she urges that the fire occurred several hours before she returned to it, and she relies upon this absence to effectually disassociate herself therewith.

On the part of the company evidence was introduced to show that she was in a difficult financial condition, that she was endeavoring to promote the sale of town lots in the addition which she had laid out on the acreage whereon her house was located and the house was somewhat of a detriment thereto, that she grossly overvalued the property in obtaining insurance therefor, that she secretly removed or disposed of some of this property, that she made statements to persons designed to disclose a premeditation to burn this property, and that the fire was of an incendiary origin. They also argue, with respect to her testimony concerning her whereabouts as above outlined, that there was an opportunity for her to have committed the arson. They point to the fact that after she went to bed at Shawnee she was not seen or heard by anyone until 6 or after the next morning, at which time she arose at the home of her host, but they call attention to the fact that since she had her automobile with her she could easily have driven to Oklahoma City, fired the house at midnight and returned to Shawnee.

Viewing the plaintiff's testimony in its most favorable light, the jury would be justified in finding that she did not burn the property. Also, viewing the company's testimony and contentions in their most favorable light, the jury would be justified in saying that while there was no direct evidence that she burned or procured the property to be burned, yet there was evidence of motive, design and opportunity, and from all of the facts and circumstances they believed she was guilty of burning or causing the property to be burned.

Plaintiff argues that it was error to permit Osborn, a district fire chief, of Oklahoma City, to give his opinion with respect to the incendiary origin of the fire. This witness testified to his experience as a fireman, related his observations at the scene of this fire and his experience in fighting it, and stated his opinion, based upon "experience in fighting fires, and that conditions" found at this fire, that he was "positive it was a set fire." This question was objected to, but when the court asked the witness a preliminary question and permitted him to answer it, no further objection was made and no exception was taken thereto; and we are of the opinion that the plaintiff has not sufficiently preserved the record to be entitled to present or argue this issue.

The plaintiff also argues that the testimony of firemen and investigators with respect to what they observed is in direct conflict with the photographs taken and introduced in evidence by the defendant, and that these photographs wholly refute such testimony and the jury's verdict if based thereon.

We have carefully examined the evidence in this case and are of the opinion that there is sufficient evidence in the record to justify the trial court in submitting to the jury the issue of the plaintiff's complicity in the fire. It is true that there does not appear in the record any evidence positively identifying the plaintiff with the fire, but as pointed out by the defendant, there is enough circumstantial evidence to justify a jury drawing the conclusion that the plaintiff had set this fire or caused it to be set, and since the jury returned a verdict adverse to the plaintiff under proper instruction, we feel that we are bound by this verdict. In arriving at their verdict they properly resolved the conflicts in the evidence.

The plaintiff argues that mere proof of motive or intention, standing alone, is insufficient, and we agree with this statement. However, we are of the opinion that there is evidence of other circumstances which added to motive and intention possesses in combination enough probative value to justify submission to the jury.

The company has called our attention to the decision of the United States Circuit Court of Appeals (10th Cir.) passing upon the identical evidence as applied to the plaintiff's action to recover on the insurance policy written to cover the house against fire (British-American Assur. Co. of Toronto, Canada, v. Bowen et al., 134 Fed. 2d 256). That court observed that the evidence of motive, intention, and opportunity coupled with the other factors related above "admits of no other conclusion than that Bowen set the house on fire or procured it to be done."

The judgment of the trial court is affirmed.

OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., and RILEY, J., absent. CORN, C.J., not participating.