Morris Neal GARRET, who sues by Mary D. Wilson, as next friend, Plaintiff in Error,

v.

Frank E. LACQUEMENT, Defendant in Error.

No. 37169.

Supreme Court of Oklahoma.

Dec. 11, 1956.

Rehearing Denied Jan. 29, 1957.

Application for Leave to File Second Petition for Rehearing Denied Feb. 12, 1957.

Shapard & McConnell, Oklahoma City, for plaintiff in error.

Foliart, Hunt & Shepherd, Oklahoma City, for defendant in error.

PER CURIAM.

This action was instituted in the district court of Pottawatomie county by Morris Neal Garret, a minor, by his mother and next friend, against Frank E. Lacquement, to recover for personal injuries sustained when the car owned and driven by plaintiff's brother, Alan F. Garret, in which plaintiff was a passenger collided with a car driven by Frank E. Lacquement. The action was tried to the court and a jury resulting in a general verdict in favor of the defendant. Judgment was

entered thereon. Motion for new trial was duly filed and overruled from which plaintiff has perfected this appeal.

Although the verdict of the jury was a general verdict in favor of the defendant, yet such verdict reflects the jury's acceptance as true the evidence which is summarized as follows:

The collision occurred at about 11:00 A.M. on August 18, 1954, at a point 130 feet east of the crest of a hill on Garret Lake Road, an unpaved county highway (gravel and sand surface) 18 feet in width, 3 miles north and 2½ miles east of Shawnee, Oklahoma; that the weather was clear and the road dry; that except for the intervening hill crest nothing obscured the view of either driver; that the road was straight; that the car in which plaintiff was a passenger was traveling in an easterly direction at from 50 to 60 miles per hour when it crested the hill, and was astride the center line of the roadway; that when the car in which plaintiff was riding crested the hill the defendant's car was 200 feet away coming from the east at 35 miles per hour; that at the time of the collision and immediately prior thereto all of defendant's car was in its proper lane of traffic fully to the right of the center line of the roadway; that the driver of the car in which plaintiff was riding applied his brakes approximately 50 feet east of the crest of the hill and laid down 83 feet of skid marks from this point to the point of impact; that such skid marks were in a straight line astride the center of the roadway, the left wheels of his car at point of beginning of the skid marks 3 feet to the left of the center line and at point of impact still 2½ feet left of the center line; that the left front of the car in which plaintiff was riding struck the left front of the defendant's car; the impact drove defendant's car 19 feet east and north where it came to rest in the bar ditch on the north side (defendant's side) of the road; that the car in which plaintiff was a passenger came to rest 3 feet east of

the point of impact still astride the center line of the roadway. The driver of the car in which plaintiff was a passenger was charged by the highway patrol with driving to the left of the road when meeting, pleaded guilty to the charge, and paid a fine.

Read as a whole, the evidence of plaintiff tends to corroborate the above evidence, except plaintiff and the driver of the car in which he was riding testified that when they first observed the defendant's car it was in the center of the roadway; that defendant suddenly jerked it to the left and then back to the right thereby causing plaintiff's driver to turn to the left in an attempt to avoid the collision thus getting astride the center line and in applying his brakes (due to the gravel and sand surface of the roadway) his wheels would not take hold which prevented him from getting back in his proper lane of traffic. The testimony relating to the issue as to whether the defendant was at anytime driving to the left or wrong side of the road was in direct conflict and thereby presented a question for the jury under proper instructions of the court.

■ Plaintiff first contends that there was error in some of the instructions of the court to the jury, particularly as to the instructions relating to unavoidable accident. The question as to this alleged error is not properly before this court for the reason that plaintiff did not properly save his exceptions. To have instructions reviewed upon appeal, it is necessary to except thereto and have the exceptions signed by the trial judge. See Anthony v. Colvin, 191 Okl. 476, 130 P.2d 819, 145 P.2d 384, and cases cited. In the instant case, none of the exceptions to the instructions given were signed by the trial judge.

■ Plaintiff next complains of the refusal of the court to give his requested instructions 4 and 5. Such instructions related to the so-called emergency or prudent person doctrine, and as we view them, were entirely too narrow a statement of

the issues of law or fact touched on by the evidence which is in conflict. The uncontradicted evidence is that the collision occurred while both automobiles were on the north side of the center line of the roadway. This was the right side of the roadway as to defendant's automobile. The collision could not have occurred except for the fact that the car in which plaintiff was a passenger was at the time on the wrong side of the highway. The only disputed fact was, that the automobile of defendant, when first observed was in the center of the roadway, and whether or not that was the proximate cause of the accident. This was the only question upon which the liability of defendant depended. It mattered not, as to plaintiff's right to recovery, why the car in which he was riding was admittedly to the left of the center line of the highway, since under the pleadings and facts herein, negligence of the driver of this car as being contributory negligence on the part of plaintiff was neither plead nor contended by defendant nor could such driver's negligence, if present, under the facts herein be imputed to plaintiff. The court properly instructed the jury that if they found the defendant was guilty of any of the acts of negligence, as alleged in plaintiff's petition which was the proximate cause of the accident or if they found both the defendant and the driver of the car in which plaintiff was a passenger were each guilty of negligence and such negligence combined together to cause the accident and plaintiff's resulting injuries, then their verdict should be for the plaintiff and against the defendant. We think the instructions, taken as a whole, fairly submitted the issues to the jury, and the refusal of the requested instructions was not error.

■■ Plaintiff's final contention is that the trial court erred in admitting evidence of the defendant which was incompetent, prejudicial, and inadmissible. Under this proposition plaintiff contends that the trial court erred in admitting over his objec-

tion the testimony of Fred Lacquement, son of the defendant, respecting a statement made by the driver of the car in which plaintiff was riding, allegedly made at the hospital some two or three hours after the accident, during a conversation between plaintiff's mother (also mother of the driver of the car in which plaintiff was riding) and the witness Fred Lacquement. This evidence was as follows:

By Mr. Foliart:

"Q. I will ask you, while you were there in the hospital and while your mother was in the emergency room, if you had occasion to see this lady here, Mrs. Wilson? A. I did, sir.

"Q. I will ask you if you had occasion to see Alan Garret? A. Yes, sir.

"Q. The driver of the other car? is that right? A. That's right, sir.

"Q. He is the same Alan Garret that has been here to testify in this case, and was the driver of the car, is that right? A. Yes, sir.

"Q. Now, I will ask you if, while you were in the hallway or in the emergency room, while your mother was there, if you had occasion to hear any statement made by Alan Garret, the driver of the other car? A. Yes, sir.

"By Mr. McConnell: I object to this, Your Honor. The recounting of any statement made is hearsay.

"By Mr. Foliart: It's admission against interest.

"By Mr. McConnell: Alan Garret is not a party to this lawsuit.

"The Court: He is a witness, though, sir. Wait just a moment.

"By Mr. McConnell: Well, I object to any hearsay. It has no bearing on this case.

"The Court: The objection is overruled, but the jury are advised that the testimony is not binding on this plaintiff, but only goes to the question of the credibility of the witness Alan Gar-

ret; and this plaintiff is not bound by the testimony. It goes only to the credibility of the witness Alan Garret.

"Q. You may answer. Did you? A. Yes, sir.

"Q. Where was that statement made? A. A few feet from the door of the emergency room, standing in the hall.

"Q. What, in substance, did he say relative to any facts of this accident? A. He joined in a conversation between this lady and myself, stating to her * * * she had made some remark about the driver, my dad, and my dad as driver of the car, and he stepped up and said, 'Mother, I told you that I was on the wrong side of the road, and it was all my fault'.

"Q. Was this lady present at the time that statement was made? A. She was.

"Q. Was she trying to discuss the facts of this accident with you at this time? A. Yes, sir.

"Q. As I understand, you were waiting on your mother in the emergency room? A. I told her that I wasn't concerned about the accident right then. I was concerned with whether my mother would come out of the emergency room alive or not."

The parties in their briefs present a great deal of discussion and citation of authority that such testimony is admissible for impeachment purposes. Also, there is a great deal of argument and citation of authority tending to support this argument, that plaintiff waived any objection to the testimony by voluntarily going further into the matter of statements made by the witness, Alan Garret, to the highway patrolman on his direct examination of patrolman Wilde. However, we need not consider these points since there are other reasons why the admission of the testimony did not constitute reversible error. The only objection made by plaintiff went only to a preliminary question asked the witness as to whether he had heard a statement made by Alan Garret. At that time no question had been asked and no answer given calling for a recital of the statement allegedly made. When the question was propounded which called for a recital of the statement, no objection was made nor is it shown that at the conclusion of plaintiff's cross-examination of the witness did plaintiff move to strike the testimony or request the court to admonish the jury not to consider the testimony. In Bowen v. Connecticut Fire Ins. Co. of Hartford, Conn., 193 Okl. 286, 143 P.2d 140, 142, this court in discussing a similar question said:

"* * * This question was objected to but when the court asked the witness a preliminary question and permitted him to answer it no further objection was made and no exception was taken thereto; and we are of the opinion that the plaintiff has not sufficiently preserved the record to be entitled to present or argue this issue."

While 12 O.S.1951 § 630 eliminates the necessity of taking formal exceptions to rulings of the court, such statute in no wise relieves the parties of the responsibility of making formal objections and giving grounds therefor to testimony which is deemed objectionable. What we said in the Bowen case, supra, equally applies here.

■ In the trial of this cause in the court below the defendants asked for the rule and the witnesses were instructed relative thereto. After the witness, Fred Lacquement, had testified both on direct and cross-examination and a recess was taken by the court, he was recalled to the stand when the recess was concluded, at which time he admitted of being in the courtroom during the progress of the trial. Thereupon plaintiff made motion for a mistrial and now urges that the court committed error in not sustaining his motion for a mistrial.

It does not appear from the record that there was an intentional violation of the rule by this witness, or that his presence in the courtroom was known by defendant's counsel.

In Oskison v. Bagby, 172 Okl. 569, 46 P.2d 331, 332, this court laid down the rule in paragraph 6 of the syllabus, as follows:

"It is within the discretion of the trial court to permit expert medical witness to testify, notwithstanding he heard testimony of another doctor, even if witness was under rule."

In that case the rule had been invoked and the witnesses were directed to retire from the courtroom and not to discuss their testimony one with the other. Thereafter it was noted that several of the doctors who had been called as expert witnesses were engaging in a conversation, and the participants in the conversation were questioned fully in regard to the conversations by the attorneys for the plaintiff and the defendants and by the court. And this court said:

"* * * Whether these witnesses should have been permitted to testify was a matter within the discretion of the trial judge, and in view of the fact that their evidence was merely cumulative, we are unable to say that there was any abuse of discretion. * * *"

In the instant case the court had instructed the jury that the testimony of the witness would be considered only in so far as it went to the question of credibility of the witness, Alan Garret, and was not binding upon the plaintiff. The court further instructed the jury that they could take the fact of his violation of the rule into consideration in considering his evidence. In view of such explicit instructions of the court and in view that such evidence was only for impeachment purposes and did not go to the merits of the controversy, we fail to see how plaintiff could have been prejudiced, or that there was any abuse of discretion on the part of the trial court.

A careful examination of the case-made and briefs in this case fully disclose that there was sufficient competent evidence, in addition to that of which plaintiff complains, to support the verdict, and where, as here, it appears from the entire record that the errors complained of, if any, have not resulted in a miscarriage of justice, or violated a constitutional or statutory right of the complaining party, the judgment should be affirmed. See Rosier v. Metropolitan Life Ins. Co., 197 Okl. 35, 168 P.2d 302.

The judgment of the trial court is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Reed and approved by Commissioners Crawford and Nease, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, JACKSON and CARLILE, JJ., concur.

BLACKBIRD, J., concurs in result.