F. A. KIDDIE, d/b/a Augusta Discount, and Frankie Sue Kiddie, Appellants,

v.

GREAT SOUTHWEST FIRE INSURANCE COMPANY, a corporation, Northeast Insurance Company, a corporation, and Western World Insurance Company, Inc., a corporation, Appellees.

No. 50965.

Supreme Court of Oklahoma.

Oct. 9, 1979.

Jesse L. Leeds, Muskogee, for appellants.

Ray H. Wilburn and Scott T. Knowles, Tulsa, for appellees.

HARGRAVE, Justice.

F. A. Kiddie, doing business as Augusta Discount, and his wife, Frankie Sue, bring this appeal from a judgment pursuant to a jury verdict alleging the trial court erred in refusing their motion for judgment notwithstanding the verdict and motion for new trial.

The appellant raises two issues in his brief in chief. The first of these is that notwithstanding *Concordia Fire Insurance Co. v. Wise*, 114 Okl. 254, 246 P. 595 (1926), character, reputation or integrity is not an issue in a civil action to recover on a contract of insurance against the risk of fire, and to allow a defense on that basis alone is reversible error. Secondly, appellants contend a joint owner of property is entitled to an instruction to the effect that if no proof of arson is made against the joint owner of property he is entitled to recover notwithstanding the acts of the remaining joint owner in that regard.

On the 13th day of February 1973, appellee Great Southwest Fire Insurance Company and appellee Northeast Insurance Company issued policies of insurance to the appellant, and on July 1, 1973 appellee Western World Insurance Company did likewise. These policies provided coverage for a business building owned by appellant in Muskogee, Oklahoma. On July 25 of that same year, the building and its contents were damaged by fire. Appellant filed this action to recover the loss of $98,046.09 resulting from that fire, alleging the appellees were obligated to make good his loss by reason of the insurance policies. The defendants answered admitting the occurrence of the fire and denying the resultant loss fell within the provisions of the insurance contracts by reason of the fact that plaintiff was either directly or indirectly responsible for the fire which they alleged was of incendiary origin. Appellees alleged that plaintiff had the motive, inclination and opportunity to initiate the conflagration.

In keeping with the defendants' answer wherein they plead no liability existed for the loss caused by the fire by reason of an act of arson, the defendant produced the Muskogee Fire Marshal, Dean Jordan, Weldon Carmichael of the National Board Associates, and the State Fire Marshal's agent, John Nidiffer. These people testified the fire causing the loss under consideration in this action was the result of an act of arson or intentionally set fire. The Muskogee Fire Marshal testified that previous fires on the same premises occurred on November 10, 1969, and February 18, 1973, and that these fires were also arson.

In *Concordia Fire Insurance v. Wise, supra,* this court stated that evidence offered to show a continued loss by fire of the property of the insured beginning 17 years previously and extending some five years before trial offered to show a plan or scheme of the insured to defraud the insurance carrier could only be admitted under the theory of a general plan or scheme bearing upon the intent to defraud. There the court stated this evidence of other fires could be admitted only as part of that scheme or plan and is only admissible where that evidence is connected with and shown to be part of a *scheme* to *defraud.* In *Concordia, supra,* the court determined the evidence of other fires was not admissible because the alleged fraudulent burning was not shown to be a necessary part of a general plan to defraud. In *Bowen v. Connecticut Fire Ins. Co. of Hartford, Conn.,* 193 Okl. 286, 143 P.2d 140, an action to collect proceeds of a fire insurance policy, the court noted that it is true that there does not appear in the record any evidence positively identifying the plaintiff with the fire, but as pointed out by the defendant there is enough circumstantial evidence to justify a jury drawing the conclusion that the plaintiff had set this fire or caused it to be set. Therein the court agreed with the plaintiff that mere proof of motive or intent, standing alone, is insufficient, but evidence of other circumstances when added to motive and intent may, in combination, possess enough probative value to justify submission of this issue to the jury.

As noted in *Concordia, supra,* the insurance companies' defense of arson sets forth

a plea of fraud. Therein it was specifically held that defense pleads the fact of fraud and that the conclusion need not be pled.

In furtherance of the defense of fraud by reason of arson, the defendants here showed a plan or scheme to defraud which included testimony of other fires caused by arson. Two of these fires in the same building as the fire constituting the loss considered here were first brought out by the plaintiff in presenting the direct examination of their first witness and they are the 1969 and February, 1973, fires. The defendant later offered evidence establishing these fires were intentionally set. Other circumstances exist which are, in our opinion, sufficiently connected with and shown to be a part of the alleged scheme to defraud that it was properly admissible. The lengthy transcript includes testimony tending to directly tie the plaintiff to a plan or scheme to defraud the insurance companies. First and foremost, there is testimony from two individual insurance adjusters that in the presence of each other the plaintiff offered to purchase them each a new automobile if plaintiff's claim was favorably settled. That evidence provides the direct link to the plaintiff that the evidence of other arsons lacks. Second, there is evidence that the building was not completely repaired after the last previous fire insurance claim and that in certain areas the repairs were cosmetic only. One insurance adjuster, in addition to the above, testified that the plaintiff offered him all the insurance proceeds he received over $65,000. The court admitted the second sheet bearing the impression of that written offer taken from the legal tablet upon which it was written. There was no issue made in this action but that the fire was incendiary in origin and the State Fire Marshal's agent testified that the plaintiff agreed with him on that point, saying it certainly was a suspicious fire.

■ As was stated in *Bowen, supra,* viewing the defendants' testimony in its most favorable light, the jury would be justified in saying that while there was no direct evidence that plaintiff burned or procured the burning of the property, there was evidence of motive, opportunity and design and from all the facts they were justified in finding that plaintiff was engaged in a scheme to defraud the insurers thereby.

Plaintiffs' statement that proof of character, reputation and integrity is not a proper method of establishing fraud against the insurer is not in point. Here the evidence was directed at establishing a scheme or plan to defraud the company and void the policy. A plan was presented to the jury and tied directly to the plaintiff by the offers made to the adjusters. The fire was shown by the evidence to be of arsonous origin, and the jury was entitled under the evidence to return a verdict for the defendants.

■ Plaintiffs' remaining proposition of error concerns the trial court's refusal to instruct the jury that a joint owner of property is entitled to an instruction to the effect that an allegation and proof that one owner has burned or procured the burning of insured property will not bar recovery by the remaining owner where that owner is not accused of complicity in the act of arson. We need not determine the correctness of such an instruction in this action. Plaintiffs predicate their joint ownership of this property upon coverture. F. A. Kiddie owned the subject building prior to his marriage to Frankie Kiddie. F. A. Kiddie is the sole named insured on the three policies under consideration. After the fire the plaintiffs obtained a divorce. An examination of the transcript in this action admits of no other interpretation than that the property was set aside for the plaintiff husband and that the decree of divorce gave the plaintiff wife a half interest in the proceeds of the policies of insurance that he was successful in collecting in the instant action. The requested instruction presupposes that the parties were joint owners of the property, which they clearly were not. Her interest in this action was limited to the rights conferred by the divorce decree and that decree limited her expectation to F. A. Kiddie's recovery under his insurance policies.

We have said it is the duty of the trial court to instruct on the issues raised by the pleadings and supported by the evidence—and nothing more, *Midland Valley Railroad Co. v. McKee,* 389 P.2d 492 (Okl.1964), and thus it is not error to refuse a requested instruction not supported by any evidence. *Skogsberg v. First National Bank of Kingman, Ks.,* 439 P.2d 957 (Okl.1968).

AFFIRMED.

All Justices concur.